Chaffee *v.* Morss.

------♦------

## CHAFFEE *vs.* MORSS.

Where there is a non-joinder of parties plaintiff, yet if the answer does not set up such non-joinder as a separate and distinct defence, the objection will be deemed to have been waived.

Although an answer be defective in form, yet if the cause is tried, before a jury, without any objection to the pleading on the ground of insufficiency, the objection will be deemed to have been waived; and upon appeal, the case will be examined on the merits of the matters litigated before the jury.

Where the evidence is conflicting it is for the jury, who see the witnesses, hear them testify, and observe their manner of testifying, to settle the questions of fact between the parties.   And where the proof is such as to authorize the jury to find for either party, on the disputed questions, accordingly as they shall credit the evidence favorable to one or the other of them, their verdict is conclusive upon the parties.

Where there is sufficient evidence, if adopted as the truth of the case, to vindicate the verdict, the judgment cannot be reversed on the ground that the finding of the jury is unsupported by proof.

APPEAL, by the defendant, from a judgment entered upon the verdict of a jury.   (*S. C., briefly reported,* 5 *Hun,* 708.)

*J. L. Stewart,* for the appellant.

*T. F. Bush,* for the respondent.

*By the Court,* BOCKES, J.    The plaintiff, by his complaint, claimed to recover against the defendant for cutting 1,690 hemlock logs, at defendant's request, and at the stipulated price of ten cents each.

The defendant, by his answer, denied each and every allegation of the complaint; also set up that the contract for cutting the logs was made with the plaintiff and one John Chaffee, and that it was not performed, to his damage of one hundred dollars; which sum he urged as a counter claim.

The answer does not, in terms and in due form, set up, as a separate and distinct defence, the non-joinder of John, as a party plaintiff; hence, this objection, even if it had foundation in fact, must be deemed to have been waived, (*Code, sec.* 148;) nor was it averred in what respect the contract, alluded to in the pleading, was not performed.

In these respects the answer was defective.    But the case seems to have been tried without any objection to the pleading on the ground of insufficiency; therefore it should now be examined on the merits of the matters litigated before the jury.

On the trial, the plaintiff gave evidence, before the jury, to the effect that he, with others under him or in his employ, cut for the defendant 1,690 saw logs, at the stipulated price of ten cents a piece — the logs to be cut clean and to the best advantage — payment to be made July next following.    The jury found a verdict for the full amount authorized by this proof.

The evidence on the part of the defendant tended to show that the contract was with the plaintiff and his brother John — that the number of logs cut was 1,627 —

Chaffee *v.* Morss.

that the price was ten cents a piece, or forty dollars a thousand feet at defendant's option—payment to be made the ensuing July, and the cutting was to be clean and to the best advantage. The defendant, and one of his witnesses, stated, in substance, that the improper manner in which the logs were cut, destroyed in a great measure the value of the timber. Other of his witnesses said that it improved their value. This was the substance of the proof on the subject of alleged damage.

On the other hand, and in answer to the proof of the defendant as to the breach, the plaintiff testified to a very considerable experience in cutting logs—that he cut the logs as clean as he well could, and to the best advantage for his employer; and he particularized as to the timber, described its size and quality, and his manner of cutting as regarded crooks in the timber, &c. His evidence tended to show a performance of the contract on his part in all the particulars complained of.

Now, it will be readily seen that here was a conflict of evidence, making it a case for the jury, by whose verdict the parties must be held to be concluded. It was for the jury, who saw the witnesses, heard them testify, and observed their manner of testifying, to settle the questions of fact between the parties. On the proof in this case, the jury were authorized to find for the plaintiff, or for the defendant, on the disputed questions, accordingly as they should credit the evidence favorable to one or the other of the parties. So they were authorized to find as they did, for the plaintiff, and for the amount awarded. They had a right to find that there were 1,690 logs cut, at the agreed price of ten cents each; and accordingly as they should credit the proof before them, they might find that the contract was performed on the part of the plaintiff. It seems that the jury accepted the case as made by the plaintiff and his witnesses. This they had the right to do. Nor is the

Chaffee *v.* Morss.

preponderance of proof clearly against the verdict. There is evidence in its support; and it may be said, perhaps, that it is quite as satisfactory in its general tenor and effect as is that submitted on the part of the defence. It is enough, however, that there is abundance of evidence, if adopted as the truth of the case, to vindicate the verdict. Hence, the judgment cannot be reversed on the ground that the finding is unsupported by proof.

A question of evidence remains to be examined. At the close of the trial, the defendant's counsel recalled a witness, and interrogated him as follows: "What was the average number of logs to the thousand feet?" The question was objected to by the plaintiff's counsel and excluded. An exception to the ruling was duly entered.

It is now insisted that an answer to this question would have borne on the point, whether the logs were properly cut. This, I think, is not obvious. The reason why they were not properly cut was, as urged on the trial, that they were not cut with due regard to length, considered with reference to crooks and imperfections in the timber. Therefore, whatever was the average number of logs to a thousand feet, could throw no light on the question whether they were cut to the best advantage. Nor could an answer have aided at all in determining the number of logs actually cut, for there was no proof whatever in the case showing the aggregate number of feet in the entire cutting. Nor could an answer to the question have borne on the subject of payment, which, according to the defendant's statement, was to be estimated at ten cents apiece, or at forty dollars per thousand feet, at his option, inasmuch as he had wholly omitted to make an election; nor did he by his answer claim, or by his proof show, a right then to make a choice.

I am of the opinion that the record discloses no error calling for a reversal of the judgment.

The judgment should be affirmed with costs.

Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM at Schenectady, November, 1874, *Miller, Bockes* and *Boardman,* Justices.]