JOHN PETER EISENLORD, APPELLANT, *v.* DAVID H. CLUM, CATHERINE L. EISENLORD AND OTHERS, RESPONDENTS.

*Verdict directed by the court — disputed questions of fact — invasion of the province of the jury.*

A trial court has no authority to interpose and take a case from the jury by directing a verdict, when there is a substantial dispute on a question of fact which affects the merits of the controversy, either arising out of a conflict of testimony or a doubt as to the credibility of witnesses.

APPEAL by the plaintiff, John Peter Eisenlord, from a judgment of the Supreme Court, entered in the office of the clerk of Montgomery county on the 28th day of September, 1891, upon the verdict of a jury in favor of the defendants, rendered by direction of the court at circuit.

*William J. Byam* and *A. J. Abbott*, for the appellant.

*George W. Smith*, for the respondents.

MAYHAM, P. J.:

The plaintiff prosecutes this action to recover the possession of certain lands of which Peter O. Eisenlord died seized and intestate,

on the ground that he is the only son and heir-at-law of the intestate, the lands in dispute being in possession of the defendants who claims title as heirs-at-law of the deceased.

· The plaintiff claims as the legitimate son of the deceased; the defendants claim as · brothers and sisters of the deceased, and the principal question involved in controversy is as to the legitimacy of the plaintiff.

The contention of the plaintiff is that, Peter O. Eisenlord was in June, 1857, duly and lawfully married to Margaret Lipe, and that he is the legitimate issue of that marriage and the sole surviving child of Peter O. Eisenlord, and as such, in law, inherits his property.

On the other hand the contention of the defendants is, that ·Peter O. Eisenlord was· never married, and· that he died intestate without lawful issue him surviving, and that they, as his next of kin and heirs-at-law, inherit his property.

If the plaintiff's contention was right, then he was entitled to a verdict and judgment for the possession of the land in dispute.

If the defendant's contention was correct, then the plaintiff had no right to the land, and the defendants were entitled to a verdict and judgment in their favor.

The determination of this controverted question was·a fact to be found by the jury, unless the evidence was so overwhelming in favor of one theory and against the other as to present only a question of law for the court.

The theory of our jurisprudence is that disputed questions of fact, in actions at law, must be tried and determined by a jury, and that right is guaranteed to parties by the provisions of the fundamental law of the land by which courts as well as legislators are to be governed. It is true that courts may, when by the evidence there is no substantially disputed question of fact beween the parties, direct a verdict, or when a verdict has been rendered and the court can see that the weight of evidence is so overwhelming against it as to evince prejudice or passion on the part of the jury, the court may set their verdict aside.

But this rule does not, I think, authorize the court to invade the province of the jury and weigh the disputed facts, and the evidence to support such dispute by its standard, and if, in its opinion, the jury reach a wrong conclusion, set aside a verdict for that reason.

Nor should the court interpose and take a case from the jury by directing a verdict, when there is a substantial dispute on a question of fact which affects the merits of the controversy either arising out of conflict of testimony, or a doubt as to the credibility of witnesses. (*Kavanagh* v. *Wilson*, 70 N. Y., 177; *Gildersleeve* v. *Landon*, 73 id., 609; *Nicholson* v. *Conner*, 8 Daly, 212; *Elwood* v. *Tel. Co.*, 45 N. Y., 554; *Wait* v. *Agricultural Ins. Co.*, 13 Hun, 371.)

Tested by the elementary principle underlying our judicial system, and by the rule established by these cases, and many others that might be cited, we think that there were disputed questions of fact in this case which should have been submitted to the jury.

There was positive evidence of marriage by direct proof of the fact, and the admission of the deceased; and while, perhaps, this evidence was open to criticism and doubt, that doubt, we think, should have been solved by the jury.

On the other hand, there were strong circumstances in evidence bearing upon the credibility of some of the plaintiff's witnesses, and the truth of their testimony, as well as circumstances tending to prove the improbability of the marriage which should, we think, have been submitted to, and passed upon by the jury.

Upon these disputed and controverted questions in this case, we doubt whether the court would have felt authorized to have set aside the verdict under the rules we have stated, by which courts are governed in setting aside verdicts, if the same had been either for the plaintiff or defendant.

We think the court erred in directing a verdict, and in not submitting the question to the jury, and that for that reason the judgment should be reversed.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed and a new trial ordered, costs to abide the event.