MARTIN GRAMPP, Respondent, *v.* JOHN WATTS DE PEYSTER, Appellant.

*Oral agreement to pay the debt of another, void under the Statute of Frauds — enforced where the Statute of Frauds is not pleaded as a defense and no objection is taken on the trial.*

In an action brought to recover the value of extra work rendered in the erection and decoration of a building, where the evidence shows a promise or agreement on the part of the defendant to pay the plaintiff for certain work which he was doing, for which work the defendant was not primarily liable to pay, a judgment in favor of the plaintiff must be sustained, although such promise to pay was not in writing, where the defense of the Statute of Frauds was not raised by answer, and the evidence establishing the parol contract of the defendant to pay the debt of another was not objected to upon the trial.

APPEAL by the defendant, John Watts De Peyster, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 3d day of March, 1894, upon the report of a referee.

*C. P. Collier,* for the appellant.

*A. Frank B. Chace,* for the respondent.

HERRICK, J.:

The referee has found that during the year 1892 the plaintiff, by himself, his agents and employees, did extra work upon a church that was being erected at Madalin, N. Y., cleaning, painting, etc., amounting in value for the labor and material so furnished to the sum of $290.60 ; "that such extra work was done at the request and under the direction of the defendant, and under and subsequent to the promise and agreement of the defendant to pay for the same."

Of course, if such findings of fact are correct, the judgment recovered in this case by the plaintiff necessarily follows; but the defendant and appellant contends that such findings of fact are not warranted by the evidence.

The defendant contends that the evidence shows that the plaintiff, in truth and fact, was employed by another, or others than the defendant, and that the requests and promises made by him are within the Statute of Frauds, being promises to pay for the debt, default or miscarriage of another, and not being in writing are void.

It seems to me that a discussion of the evidence in this case to determine whether there was an original contract of hiring between the plaintiff and defendant is unnecessary, because I think it must be conceded that, whatever view is taken of the evidence, it establishes one of two things, either an original hiring between the plaintiff and defendant, or a promise or agreement on the part of the defendant to pay the plaintiff for work that he was doing, for which work the defendant was not primarily liable.

Whichever conclusion we come to, the judgment must be sustained.

If we arrive at the conclusion that it was an agreement to pay the debt of another, then the defense of the Statute of Frauds, asserted by the defendant, is not available to him now, because he did not

raise it in his answer, and the evidence establishing such parol contract to pay the debt of another was not objected to by him upon the trial. (*Crane* v. *Powell*, 139 N. Y. 379.)

The judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.