Willis T. Honsinger and Others, Respondents, *v.* John Mulford, Appellant.

90 589<br>157a 674<br>90 589<br>46ap444<br>90h 589<br>59ad624<br>90h 589<br>f62ad110<br>90h 589<br>78 AD³ 37

*Statute of Frauds — the defense must be interposed by demurrer or answer, otherwise it is waived — it cannot be raised by mere objections to evidence — promise to pay the debt of a corporation as a consideration of an extension of time.*

Where it does not appear from the allegations contained in a complaint whether the promise upon which the action was brought was oral or written, if the defendant has not set up the Statute of Frauds in his answer, he must be deemed to have waived any defense based upon that statute.

Unless the statute is pleaded, objections, made by the defendant upon the trial to verbal proof of the contract in suit, will not avail him.

Where it appears from the complaint that the contract upon which the plaintiff seeks to recover is within the Statute of Frauds, the defendant should demur; if the invalidity of the contract does not appear from the complaint the defendant should take the objection by answer, and if the objection is not taken either by demurrer or answer it is waived.

In an action brought upon an alleged personal agreement by the defendant to pay certain notes, made by the Mutual Benefit Ice Company, it appeared that the ice company was a domestic corporation; that it was indebted to the plaintiffs who were about to commence an action upon their claim; that the defendant was the principal stockholder of the corporation and its president; that he

requested the plaintiffs, at the time the notes in question were given, to extend the time of the payment of the indebtedness of the company and promised that, if the extension was granted, he would become personally liable to pay the claim when it became due under the arrangement then made with the plaintiffs, and that, in reliance upon this promise, the plaintiffs extended the time of payment of the debt and took the notes in suit. The agreement of the defendant was in fact oral, but the complaint failed to state whether it was written or oral.

*Held*, that the agreement of the defendant, to pay the claim against the company, upon an extension being given to it of the time of payment, was founded upon a sufficient consideration;

That, as the defendant had failed to plead that, inasmuch as the promise of the defendant related to the payment of the debt of a third person, it must be in writing, that defense was not available to him, and that his objection, to any evidence tending to prove the contract, was not effectual to raise a defense based upon the Statute of Frauds.

MAYHAM, P. J., dissenting.

APPEAL by the defendant, John Mulford, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Clinton on the 21st day of November, 1894, upon the verdict of a jury rendered after a trial at the Clinton Circuit, and also from an order entered in said clerk's office on the 21st day of November, 1894, denying the defendant's motion for a new trial made upon the minutes.

*T. F. Conway*, for the appellant.

*L. L. Shedden*, for the respondents.

PUTNAM, J.:

On the conflicting evidence in this case the jury were authorized to find that on September 2, 1890, the Mutual Benefit Ice Company, a domestic corporation, was indebted to plaintiffs in the sum of $6,000 then due, and that plaintiffs were about to commence an action upon said claim; that the defendant was the principal stockholder in said corporation and its president; that in an interview with two of the plaintiffs at the date above mentioned, defendant requested them to extend the time of payment of said indebtedness, and agreed, if such extension was granted, to personally become liable for and pay the said claim when it became due under the arrangement then made; that, relying upon such agreement of defendant, plaintiffs extended the time of payment of such debt

and took two notes of the corporation, which are set out in the complaint, payable at a future date.

The agreement of defendant to pay the claim of plaintiffs was not in writing, but in the complaint it was not stated whether it was written or oral.

On the trial the defendant objected to evidence tending to show the alleged agreement made between the plaintiffs and the defendant at the time in question, on the ground that such an agreement, to be valid, must be in writing, and that the oral agreement of defendant to pay the debt of the corporation was void under the Statute of Frauds, and afterwards moved to strike out such evidence for the same reason, and upon plaintiffs resting, and again at the termination of the trial, moved to dismiss the complaint on the ground that the promise of defendant, on which the action was based, was not in writing, and, therefore, within the Statute of Frauds and void. The motions were denied, the case was submitted to the jury by the trial court and a verdict rendered in favor of the plaintiffs.

The agreement of defendant to pay plaintiffs' claim against the Mutual Benefit Ice Company, on their extending the time of payment, was founded upon a sufficient consideration. (*Meltzer v. Doll et al.*, 91 N. Y. 365; *Penn. Coal Co. v. Blake*, 85 id. 226–232; *Hamer v. Sidway*, 124 id. 538.)

Hence the plaintiffs were entitled to recover on the defendant's promise, unless the objection made by the defendant on the trial to the recovery, on the ground that the promise of defendant, not being in writing, was within the Statute of Frauds and void, should have been sustained by the trial court.

As we have seen, it did not appear by the allegations in the complaint whether defendant's promise was in writing or oral. Hence we think the defendant, not having set up the Statute of Frauds in his answer, waived the benefit of that statute. In *Hamer v. Sidway* (*supra*), PARKER, J., says: "It does not appear on the face of the complaint that the agreement is one prohibited by the Statute of Frauds, and, therefore, such defense could not be made available unless set up in the answer." And the learned justice cites *Porter v. Wormser et al.* (94 N. Y. 431), in which case the same doctrine is stated in the opinion of ANDREWS, J. (p. 450). In *Wells v. Monihan et al.* (129 N. Y. 164), FINCH, J., says: "So far as the defense

in this case rests upon the Statute of Frauds it must fail, for two reasons. No such defense has been pleaded, and it is not raised by the averments of the complaint, and without one or the other of these conditions the defense, if existing, cannot be made available."

But if any doubt existed before as to whether it was necessary to plead the Statute of Frauds as a defense or otherwise the benefit of the statute was waived, no such doubt can be entertained since the late decision of the Court of Appeals in *Crane* v. *Powell* (139 N. Y. 379).

That case, in effect, holds that unless the statute is pleaded, objection upon the trial to verbal proof of the contract will not avail the defendant. If it appears from the complaint that the contract on which plaintiff seeks to recover is within the statute, defendant must demur. If the invalidity of the contract does not appear from the complaint, defendant must take the objection by answer, and if the objection is not taken either by demurrer or answer it is waived. In the case cited no objection was taken by defendant to verbal proof of the contract on the ground that it was within the Statute of Frauds, although at the close of the evidence he moved to dismiss the complaint on that ground. In his opinion, O'BRIEN, J., adverted to that fact and said : "But the important question in the case, and upon which we prefer to let the decision rest, is whether, in the light of the adjudged cases, it is not necessary for a defendant who intends to avail himself of the benefit of the statute, as a defense to an action for damages for breach of a verbal agreement, within the statute, to specifically plead it." The learned judge further said : "In this State cases may be found where the opinion is expressed that the defendant may avail himself at the trial of the benefit of the statute, under the general issue, by objection to verbal proof of the contract. Some of these cases, and perhaps the principal ones, have already been cited to show when and how the defendant is deemed to have waived the benefit of the statute by admitting the allegations of the complaint. It is proper, I think, to observe that they are cases where the complaint was admitted in some way, or the decision was before the Code or founded upon authority antecedent to it. The recent cases in this court sustain the view that it is necessary to plead the statute. * * * The Statute of Frauds is a shield which a party may use or not for his protection just as he may use the Statute of Limitations,

the statute against usury, that against betting and gaming, and others that might be mentioned. I take it to be a general rule of universal application that the statutes last mentioned are not available to a party unless specifically pleaded, and there is no reason for making the Statute of Frauds an exception to the rule.

" The present system of procedure is founded upon the idea that litigants should, when possible, know in advance the precise questions they must meet at the trial. When a contract is set out in the complaint as the cause of action, and the defendant intends to assail it on some special or statutory ground, the general spirit of the system is not complied with unless notice is given of this intention to the opposing party by the pleadings. * * *

" When the defect in the plaintiff's cause of action appears on the face of the complaint, the defense must be interposed by demurrer. (§ 488.) When the complaint does not, as in this case, disclose an invalid agreement upon its face, but it is, in fact, invalid for some reason, the defendant must take the objection by answer (§ 498), and if the objection is not taken in either way, the defendant is deemed to have waived it. (§ 499.) The conclusion is thus reached that the defendant waived the benefit of the statute in this case by omitting to plead it."

Under the above authorities we are of opinion that defendant waived the benefit of the Statute of Frauds by not setting up the invalidity of the contract as a defense, and, hence, that the trial court did not err in submitting the case to the jury.

We have examined the exceptions taken by the defendant on the trial to the charge of the court and to its rulings in excluding and receiving evidence, and do not think that any of such exceptions require a reversal of the judgment.

The judgment should be affirmed, with costs.

HERRICK, J., concurred.

MAYHAM, P. J. (dissenting):

This action was brought upon an alleged personal agreement of the defendant to pay two notes made by the Mutual Benefit Ice Company, payable to the order of W. T. Honsinger & Co.,

one for $1,000 and one for $5,000.    The $1,000 note is in the following form :

" $1,000.00.                         NEW YORK, *Aug. 27th*, 1890.

" One hundred and fifty days after date we promise to pay to the order of W. T. Honsinger  &  Co., $1,000.00 at  the  West Side . Bank, New York City, with interest, value received.

"MUTUAL BENEFIT ICE CO.,

" JOHN  MULFORD,

"*President.*"

. The $5,000 note is in the following form :

" $5,000.00.                         NEW YORK, *September 2nd*, 1890.

" Thirty-five days after date, we promise  to  pay  to  the  order  of W. T. Honsinger & Co., $5,000.00 at West Side Bank, New York City, with interest, value received.

"MUTUAL BENEFIT ICE CO.,

" JOHN  MULFORD,

" *President.*"

The complaint alleged that, prior  to  the  making  of  these notes, and at the time of the making of the same, the Mutual Benefit Ice Company, which was a corporation organized under  the laws of  the State of  New  York,  was  indebted  to  the  plaintiffs, who were co-partners,  in  the  sum of  $6,000, and  which indebtedness at the time of the making  of  the notes was due ; that John Mulford, the defendant, was  president  of  the  ice  company,  and  was  a  large stockholder therein ; that at the time or prior to the  making  of the notes,  the  plaintiffs  were  pressing the ice company for pay-ment, and that the defendant offered to give them the ice company's notes  for  the  amount  of  such  indebtedness ;  that the plaintiffs expressed a willingness to accept such notes, provided the defendant would  indorse  them ;  that  the  defendant  declined  to  indorse as an individual, but  then  and  there promised and agreed to pay said notes if the plaintiffs would receive them, and that pursuant to that agreement,  the  notes  were  made and delivered by the president of the company to the plaintiffs.

The answer denied that the defendant had agreed to become person-ally bound for the payment of the notes, or that the notes were made in consideration of any such agreement by him, or in consideration

of the plaintiffs' forbearing to sue the ice company on its indebt-
edness, and contained also a general denial of the allegations of the
complaint. The case shows that before the maturity of the notes
the ice company became insolvent; and that its assets had passed into
the hands of a receiver; that on the maturity of the notes they were
duly presented to the bank at which they were made payable, and
payment demanded and refused, and they were duly protested for
non-payment; that thereafter, and on the 13th of July, 1891, the
receiver paid to the plaintiffs $621.34 on said notes, and on the
31st day of May, 1892, the further sum of $627.56 was paid on
account of said notes; that to recover the balance unpaid on said
notes this action was brought.

The principal question of law presented on this appeal is as to
the defendant's personal liability arising out of his alleged promise
to pay the notes at maturity, or as to his liability upon the face of
the notes as a joint maker.

On the trial of the action at the conclusion of the plaintiffs' evi-
dence, which in the main supported the allegations of the complaint,
the defendant moved for a nonsuit on the grounds:

*First.* That the promise upon which this action is based against
the defendant is not in writing, and, therefore, within the Statute of
Frauds and void.

*Second.* That there is no evidence or proof that the promise was
for the defendant's special benefit.

*Third.* That it appears from the proof that the debt was due
from the Mutual Benefit Ice Company, and there is no proof that
defendant intended to, or did become personally liable for it; that,
upon the testimony of Wever and Honsinger, defendant did not
charge himself with the payment of the debt in question.

*Fourth.* That it appears from the pleadings that the notes were
made by the corporation, and no promise of Mulford to pay them
which is not in writing can bind him.

*Fifth.* That if the promise to pay by Mulford was made, as stated
by Honsinger and Wever, it was a promise to answer for the debt of
another, and void.

This motion was denied, and defendant duly excepted.

The evidence on the part of the defendant tended to show that
Mulford made no individual promise or agreement to pay the notes

or the indebtedness, and was in substantial conflict with the testimony offered on the part of the plaintiffs.

At the conclusion of the defendant's testimony and when the testimony was closed in the case, the defendant renewed his motion for a nonsuit upon the same grounds stated in the original motion, which was also denied by the court, to which the defendant excepted.

If this case turned upon the question of fact as to whether defendant did or did not agree to pay the amounts of these notes, the jury were authorized to find from the evidence, either for the plaintiffs or defendant, and their verdict for the plaintiffs, was, therefore, upon a disputed question of fact, and cannot be disturbed by this court on appeal.

It, therefore, becomes a question of law, to be determined on this appeal, whether, upon the facts as disclosed by the plaintiffs' evidence, a legal liability was established against the defendant personally.

It is insisted on the part of the defendant that the parol promise of the defendant to pay these notes was a parol collateral promise to answer for the debt, default or miscarriage of the Mutual Benefit Ice Company, and was, therefore, a promise to answer for the debt or default of another, and, not being in writing and signed by the defendant, was void within the Statute of Frauds. The language of the statute is : " Every special promise to answer for the debt, default or miscarriage of another person" " shall be void, unless such agreement, or some note or memorandum thereof, be in writing and subscribed by the party to be charged therewith." (2 R. S. 135.)

The above is the language of the statute, although transposed.

But it is insisted on the part of the plaintiffs that the defendant cannot avail himself of the defense of the Statute of Frauds, because the same was not specially pleaded in his answer.

On the trial of this action, when parol evidence was offered by the plaintiffs to prove the negotiations between the parties or prior thereto, and which seem to have led up to the making of these notes, such evidence was objected to by the defendant by the following specific objection :

" Defendant objected that if any promise was to be proved of the

nature alleged in the complaint, it must be in writing, otherwise it was void under the Statute of Frauds."

This objection was overruled by the court, and the defendant duly excepted.

It will be observed that the complaint in setting out what is claimed to be the special contract of the defendant to pay these notes, is silent as to whether the promise was in writing or by parol.

The answer of the defendant denied the making of any such contract, and the question here presented is, whether such denial was equivalent to an allegation that any parol agreement would not amount to a valid contract, and in that form put in issue the question whether the contract alleged by the complaint was ever made in a form such as to amount to a valid agreement.

It is well settled upon authority that a defendant cannot avail himself of the defense of the Statute of Frauds unless he either pleads the same in his answer, or where he has denied the plaintiff's allegation of the existence of a contract, objects to the introduction of parol evidence to prove an agreement which the statute requires should be in writing.

In *Barrett* v. *Johnson* (77 Hun, 528), HERRICK, J., in discussing the right of a defendant to avail himself of the defense of the Statute of Frauds, uses this language : " The complaint of the plaintiff and the answer of the defendant were both in writing. The defendant in his answer did not plead the Statute of Frauds as a defense, although as will be seen from the substance of the complaint, as hereinbefore stated, he was fully apprised of the nature of the plaintiff's claim ; neither was there any objection made by the defendant upon the trial to the reception of the evidence establishing the contract by parol."

And in *Grampp* v. *De Peyster* (80 Hun, 135) the same learned judge, in discussing a similar question, uses this language : " If we arrive at the conclusion that it was an agreement to pay the debt of another, then the defense of the Statute of Frauds asserted by the defendant is not available to him now because he did not raise it in his answer, and the evidence establishing such parol contract to pay the debt of another was not objected to by him upon the trial."

In *Crane* v. *Powell* (139 N. Y. 379) it was held in an action upon an alleged contract, which was not to be performed within one

year, but where the defendant did not plead the Statute of Frauds, and permitted the plaintiff to prove, *without objection*, a verbal agreement to the effect set forth in the complaint, that a motion to dismiss the complaint on the ground that the agreement, not being in writing, was void under the statute, made at the close of the evidence, was properly denied.

These cases seem to give weight to the fact that the evidence, when offered to prove the contract, which by the statute was declared to be void, was not objected to, and the learned judge in the case last cited, on page 384, in discussing the Statute of Frauds, uses this language: " The Statute of Frauds does not prohibit the making of any agreement in any way that the parties may see fit, nor render them illegal or immoral if not made in some particular way. It simply requires that certain agreements must be proved by a writing. It introduced a new rule of evidence in certain cases without condemning as illegal any contract that was legal before. The vital fact that was in issue in this case was whether the agreement set forth in the complaint was made."

In the case last cited the evidence was offered and received with out objection.

The judge also, in the case last cited, adds: " When proof is offered to establish it, that is not of the quality or character required by law, *and it is not objected to*, the other party is deemed to assent to another mode of proof of an inferior or secondary nature, and when such proof is in the case, the error, if any, is not reached by a motion to dismiss the complaint. Now, the plaintiff in this case gave proof of an oral agreement which showed that the minds of the parties met, and that there was mutual assent with reference to the subject-matter, and this is ordinarily the very essence of a contract. It tended to sustain the complaint, as the defendant did not elect to insist upon the statutory form of proof, but virtually assented to the mode of proof that had always been sanctioned by the rules of the common law."

" Under these circumstances, it seems to me that we cannot say that the finding of the jury is without any evidence to sustain it, or that the defendant's exception to the refusal of the trial judge to dismiss the complaint is good."

It will be observed that that case differs from the one at bar in

this : that the oral common-law proof was received on the trial without objection in that case, while in the case at bar the parol evidence to establish the contract was objected to when offered, and the objection was overruled by the trial judge. No such objection and ruling were before the. Court of Appeals in *Crane* v. *Powell*.

In *Flora* v. *Carbean* (38 N. Y. 111) it was held that where " testimony tending to establish a material fact, although incompetent in its nature, is received without objection,  *  *  *  the party has a right to insist upon the fact shown thereby, or based thereon." (*Sharpe* v. *Freeman*, 45 N. Y. 808; *The Matter of Yates*, 99 id. 101.)

It will also be seen from the reasoning of the learned judge in *Crane* v. *Powell* (*supra*) and the cases cited, that he, by no means, holds that where the allegations of the complaint are denied by the answer, and objection is taken to parol evidence at the time it is offered to prove the illegal contract, the defendant may not avail himself of the defense of the statute ; and on page 385 of the same case the judge uses this language :

" If the defendant neither pleads the statute nor objects to what may be called the common-law proof of the agreement, it ought to be held, I think, even upon the authority of the earlier cases, that he has waived the objection.   These views are confirmed and illustrated by the application of a principle which is settled beyond debate. When the complaint alleges a verbal agreement within the statute, and the defendant, by his answer, admits it without pleading the statute as a defense, he is deemed to have waived its benefits," citing several authorities with approbation, among which is *Harris* v. *Knickerbacker* (5 Wend. 638).

In that case MARCY, J., in delivering the opinion in the Court of Errors, where the Statute of Frauds was under discussion, uses this language : " I apprehend that it is now settled that if the defendant admits the agreement and insists on the statute, he can protect himself from a decree for specific performance, notwithstanding his admission ; but if he admits the agreement, but neither pleads the statute, nor insists on it in his answer, he is deemed to have renounced the benefit of it.   (6 Ves. 39.)   If the bill states generally a contract, which the law requires to be in writing, the court will

presume that it is made with the requisite formalities to give it validity until the contrary appears. The defendant, in answering, may either plead that the contract was not in writing, or insist upon that fact in his answer. If he meets the allegation of a contract in the bill with a general denial, and the complainant is put to his proof to establish it, he must shew a written contract, and, if he does not, the evidence to establish the issue will be adjudged incompetent."

None of the cases referred to by the learned counsel for the plaintiffs, in express terms, controvert the law as laid down in the case last cited. On the contrary, all seem to admit that if the objectionable matter in the complaint is denied by the answer, and the defendant objects to parol proof tending to establish the allegations of the complaint, he may, in that way, defend himself from a contract, illegal under the Statute of Frauds.

The reason of that rule seems quite obvious. While it is true that the contracts required by the Statute of Frauds to be in writing are held to be neither immoral nor improper in themselves, yet the statute declares them void, and applying the legal maxim, "That void contracts are as no contracts," the defendant, by a general denial of the existence of such a contract, forces the plaintiff to prove a contract in writing, or leave himself without the proof of any legal contract.

Under such circumstances, as was said in *Harris* v. *Knickerbacker* (*supra*), if he fail to prove a written contract "the evidence to establish the issue on his part will be adjudged incompetent."

If these views are correct, then the admission of parol evidence of this contract was error, and the plaintiffs have failed, by any competent evidence, to establish the liability of the defendant, if it shall be found that the contract under consideration is one in violation of the provisions of the Statute of Frauds.

This brings us to the consideration of the question, Was the contract, as proved, a promise by the defendant, by parol, to answer for the debt, default or miscarriage of the Mutual Benefit Ice Company, the maker of the notes?

Since the enactment of the Statute of Frauds the question as to what cases do or do not come within its provisions has been the sub-

ject of elaborate discussion in the various courts of this State as well as in England.

The side light thrown upon this question by the numerous decisions along the line of judicial investigation which have, from time to time, discussed the meaning, force and effect of this statute until its real interpretation must now be gathered from the most recent decisions of the highest court in this State, giving construction and effect to this statute.

It will be unprofitable here to undertake to enumerate or repeat the numerous decisions made upon this subject, and if we can apply the result of the decisions as they are focused in the most modern announcements by the Court of Appeals, to the facts of this case, we will accomplish all that is profitable in its examination.

This subject received an exhaustive examination in the opinion of the court, as pronounced by FINCH, J., in *White* v. *Rintoul* (108 N. Y. 222), and after examining the cases of *Leonard* v. *Vredenburgh* (8 Johns. 28); *Mallory* v. *Gillett* (21 N. Y. 412); *Brown* v. *Weber* (38 id. 187), and *Ackley* v. *Parmenter* (98 id. 425), and comparing the decisions in each of these leading cases, respectively, with the others, and discussing the modifications of the rules applicable to the interpretation of this statute that were made from time to time in each of these cases, as compared with the cases preceding it, he sums up his conclusion in the following language : " These four cases advancing by three distinct stages in a common direction, have ended in establishing a doctrine in the courts of this State, which may be stated with approximate accuracy, thus : That where the primary debt subsists and was antecedently contracted, the promise to pay it is original, when it is founded on a new consideration, moving to the promisor and beneficial to him, and such that the promisor thereby comes under an independent duty of payment irrespective of the liability of the principal debtor."

Applying that rule to the case at bar, does the alleged agreement of the defendant take the case out of the operation of the statute ?

Comparing the case at bar in its leading features with the case under discussion by Judge FINCH, and applying the rule laid down by him, and the result reached by him in that case, to the case at bar, the answer to the above question, it seems to us, must be in the negative.

It is undisputed in this case that the indebtedness sought to be recovered was the prior indebtedness of the Mutual Benefit Ice Company, and not of this defendant as an individual. That indebtedness, by the making of the notes in question by the ice company, continued to exist against that company as its indebtedness. There was no such valuable consideration moving to this defendant in the alleged agreement as to place him under an independent duty of payment, irrespective of the liability of the principal debtor.

It is true that it was held in *Watson* v. *Randall* (20 Wend. 201) that "an agreement to forbear to sue a debtor is a good consideration for the promise of a third person to pay the debt, but to render the promise obligatory it must be in writing."

That rule does not seem to have been abrogated by the rule laid down in *White* v. *Rintoul* (*supra*), and if we are to look for a sufficient consideration to the promisor to take the case out of the statute and make the debt on which this action is brought his debt, we find that no sufficient consideration of benefit to him exists in this case, when compared with the consideration which seemed to exist, moving to the promisor, in the case of *White* v. *Rintoul.*

In that case the defendant, who was sought to be charged upon a parol promise, was the father of one of the members of the firm owing the original debt, and was himself a creditor to a large amount of that firm. He was asked by the plaintiff in that action to indorse the note of the firm to secure its indebtedness to the plaintiff. This he declined to do. The firm notes were held by the plaintiff, and just before maturity the defendant stated to the plaintiff "That the only way and the best way would be to give the firm time; that it was late in the season, and by waiting until the next summer they could sell their beer, and that he would pay plaintiff for the two notes."

The plaintiff claimed that, pursuant to that request, he waited, and relying upon that promise, which he insisted was upon a consideration of benefit to the defendant, not only in the way of favor to his son, but in furnishing him a better opportunity to collect the $5,000 the firm owed him, which he stated in the conversation he might lose. But the court, in passing upon that question, held that that was not a sufficient consideration within the rule established to take the case out of the statute, and that the promise came clearly

within the meaning of a collateral promise to answer for the debt of another, and was void.

In the case at bar, it is urged that the fact that the defendant was a stockholder in the company, and, therefore, interested in having favors extended to the company, furnished a sufficient consideration to uphold his promise as an original agreement to pay the debt, and, therefore, made him primarily liable for its payment, and took the case out of the operation of the statute.

It has been frequently held that the relation of a stockholder to a company does not constitute him a party in interest, even to such an extent as to disqualify him, under section 829 of the Code of Civil Procedure, from being a witness against the representative of a deceased person as to a personal transaction between the corporation and such deceased person.

There was, therefore, no such direct interest moving to the defendant as a stockholder of the company as would uphold a promise by him to pay the debts of the company, and I can see no sufficient consideration moving to the defendant in his transaction with the plaintiffs to take the case out of the statute and charge him with the payment of these notes, irrespective of the liability of the debtor.

But it is urged that the notes upon their faces charged the defendant with a liability as maker, and that the word "President" suffixed to his name is simply a description of the person, and not of the character of his liability, and we are referred to cases to support that contention.

But this contention does not seem to be justified, either from the acts of the parties as proved contemporaneously with the making of the notes, or from the allegations of the complaint. His liability under the complaint clearly arises, if at all, out of his contemporaneous parol agreement, and not from the notes themselves.

The 9th paragraph of the complaint charges that on or about the 2d of September, 1890, "the defendant, John Mulford, as president of said company, for value received, made, executed and delivered to the plaintiff two certain promissory notes, of which the following are copies."

The notes, therefore, were notes of the company, and, as between the original parties thereto in this case, must be held as the notes of

the corporation, and not as of the individual who signed them as president.

For the various reasons above stated, I am of the opinion that the plaintiffs failed in establishing a liability against the defendant personally, and that the court, on the motion of the defendant, should have dismissed the plaintiffs' complaint.

Judgment must be reversed and a new trial ordered, costs to abide the event.

Judgment affirmed, with costs.

---

NOTE.— The rest of the cases of this term will be found in the next volume (91) Hun.— [REP.