WILLIAM DUFFUS, Respondent, *v.* CHRISTOPH SCHWINGER and Others, Appellants.

*Verdict — only set aside as against the weight of evidence when entirely so.*

In order to justify an appellate court in setting aside a verdict as against the weight of evidence, the verdict must be entirely against the weight of evidence.

APPEAL by the defendants, Christoph Schwinger and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 24th day of January, 1895, upon the verdict of a jury rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 2d day of July, 1895, denying the defendants' motion for a new trial made upon a case containing exceptions.

In the plaintiff's complaint it is alleged that the plaintiff became the owner of three several chattel mortgages upon the boat *Kenyon & Newton* and the appurtenances, and that default had occurred in the terms of the mortgages, and "that said defendants at the city of New York, on the 18th day of October, 1890, and while said property was owned by and in possession of said plaintiff, wrongfully took and converted said canal boat *Kenyon & Newton* and appurtenances to their own use, thereby depriving plaintiff of the possession and of the benefit thereof. The plaintiff on that day, and for a long time before, was and has been entitled to the possession thereof. That said several mortgages were made for good and sufficient considerations, and without intent on the part of said Eugene Cummings, or Daniel Cummings or this plaintiff, of hindering, delaying or defrauding creditors." It is also alleged that the plaintiff, before the commencement of this action, demanded of the defendants possession of the said property and delivery of the possession, and that the defendants wrongfully took said property from the possession of the plaintiff, and unjustly detain the same.

The defendants, in their answer, admit that a demand was made upon them for the possession of the canal boat called *Kenyon & Newton.* They allege, however, that at the time the demand was made they did not have the possession of the boat; and that before

this action was commenced the plaintiff took possession of the boat, "and that the same was lost or destroyed through the carelessness and negligence of said plaintiff, his agents, servants and employees." They also allege as a defense "that said canal boat was sunk or destroyed by reason of a storm while lying in the waters of New York, and without any fault or negligence of these defendants, and while the same was not in their possession or control."

At the Circuit, held on the 28th of January, 1892, an order was granted allowing the complaint to be amended so as to demand damages in the sum of $2,500.

After a former trial, and a verdict for the plaintiff, an order refusing a new trial on the ground of a surprise, and granting a new trial "upon payment of the costs of the trial by the defendants" was reversed on appeal to the General Term, and we then held that "in case the costs are not so paid the order and judgment are affirmed, with costs of appeal from judgment." (51 N. Y. St. Repr. 941.)

Upon a second trial the plaintiff again recovered a verdict, and a motion for a new trial was made at a Special Term, February, 1894, and denied, and the judge who presided at the trial where the motion was denied delivered an opinion, which is found reported in 7 Misc. Rep. 499. From that judgment and the order denying the motion for a new trial an appeal was taken to this court, and the judgment and order were reversed and a new trial ordered, on which appeal this court held, viz. : " The fact of agency cannot be proven by the declarations or acts of the alleged agent, and upon the trial of an action the declarations of an alleged agent are inadmissible in evidence for that purpose," and that the value of a chattel under such an action as this should be fixed, according to the provisions of section 1726 of the Code, at the time of the trial. The case is reported in 79 Hun, 541. Near the close of the opinion in that case it was intimated that it was a question " whether, in any event, the plaintiff can recover more than the amount of his claims," and *Townsend* v. *Bargy* (57 N. Y. 665) was referred to.

Upon the trial now brought in review at the close of the evidence the plaintiff expressly stated that he was only "entitled to a judgment for damages for the value of this boat, and for damages for detention up to the full amount" of the claim shown to exist upon the boat in favor of the plaintiff. At the close of the evidence the defend-

ants asked the court to direct a verdict for the defendants upon several grounds mentioned, which request was denied and the defendants excepted. Thereupon the defendants' counsel asked the court " to define the questions which should be submitted to the jury. It may abbreviate my argument." In response to that request the court observed : " The main question, of course, relates to the possession of the boat. That involves several subordinate questions, such as whether the boat was in existence at the time the action was commenced ; as to the agency of Mr. Petrie and as to whether there had been an assignment, so that the interest of the defendants had passed from them to Mr. Petrie, and, of course, as to the present value of the boat and the amount of the damages for detention." The court added : " I am inclined to follow the intimation of the General Term, in view of the authorities that they cite, and to instruct the jury to find what the present value of the boat is, and what the damages for detention are, with the further instruction that the aggregate of the two cannot exceed the amount of the claim" of the plaintiff. No exceptions were taken to the intimations thus made by the court.

*George W. Cothran,* for the appellants.

*Walter S. MacGregor,* for the respondent.

HARDIN, P. J. :

Upon the request of the defendant's counsel at the close of the evidence, the court outlined the leading questions of fact arising in the case which were for the jury to determine. Thereafter the court delivered a very lucid, clear and elaborate charge to the jury, modestly withholding his own opinion upon the questions of fact which arose in the case and which were delivered over to the jury to determine, applying the principles of law which have heretofore been announced in the determination of the case. We are asked to disturb the finding of the jury upon several of the questions of fact which were thus stated by the trial judge to the jury. Upon looking into the evidence we find a sharp and stubborn conflict in the evidence detailed by the witnesses, and if we were to attempt to reconcile the conflicting statements we should find great difficulty in doing so. If we were called upon to deter-

mine the inferences and deductions to be drawn from the evidence we should find that it is quite a difficult task to agree with the conclusions upon all the evidence reached by the jury. If, however, we, upon reading the evidence were of opinion, that had we sat upon the jury, we might have reached a different conclusion from that arrived at by the jury, still it would be our duty to accept the verdict of the jury. (*Beckwith* v. *N. Y. C. R. R. Co.*, 64 Barb. 299; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Koehler* v. *Adler*, 78 id. 287; *Eisenlord* v. *Clum*, 51 N. Y. St. Repr. 98; *Halsey* v. *Hart*, 32 N. Y. Supp. 665, 666.)

Appellants ask us to interfere with the verdict as against the weight of evidence. In *Morss* v. *Sherrill* (63 Barb. 21) it was said that to justify an appellate tribunal in setting aside a verdict "it must be *entirely* against the weight of evidence." And in that case it was further said that a new trial would not be granted on the ground that the verdict is against the weight of evidence where the testimony is contradictory and the character and credit of the witnesses are questioned. In the case in hand we find that there is a severe conflict, and we are of the opinion that the trial judge, very cautiously and carefully upon all the critical questions, pointed out to the jury the bearing of the evidence, and invoked their attention to it in such a way as to challenge a fair conclusion thereupon. The jury saw the witnesses; heard them testify; observed their manner of testifying, and were called upon to determine what credit should be given to the respective witnesses in the light of all that transpired at the trial. According to well-established rules in dealing with the verdict, we think the conclusion pronounced by the jury should be allowed to remain. (*Chaffee* v. *Morss*, 67 Barb. 252; *Brooks* v. *Moore*, 67 id. 393.)

Besides the verdict of the jury, we have the approval thereof made by the trial judge after reviewing the same upon a case and exceptions. We have looked with care through the argument of the learned counsel for the appellants, and we are of the opinion that the contention of the defendants against the verdict must fail.

The judgment and order must be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.