FRANKLIN COAL COMPANY, Respondent, *v.* FRANK HICKS, Appellant.

*Verdict, when not set aside as against the evidence — proof that goods were sold to a*
*wife and not to her husband, considered — Statute of Limitations, not available*
*under a general denial.*

A verdict rendered upon conflicting testimony will not be set aside by an appel-
late court as unsupported by the evidence, unless there is an overwhelming
preponderance of evidence against it; it is not enough that the court would
have reached a different conclusion from that reached by the jury.

In an action against a wife for goods alleged to have been sold and delivered to
her, the fact that the goods were charged to the husband, and that the vendor
accepted the note of the husband on account of the purchase price, and pro-
cured a statement preliminary to confession of judgment against him, while
tending to show that the goods were sold to the husband and not to the wife,
is not conclusive on that point where there is evidence that the acts in question
were done at the instance of the wife, and that she had a pecuniary interest in
the success of the business, having loaned money to her husband and being
liable as his indorser.

The defense of the Statute of Limitations is not available under a general denial.

APPEAL by the defendant, Frank Hicks, from a judgment of the
Supreme Court in favor of the plaintiff, entered in the office of the
clerk of the county of Steuben on the 19th day of September,
1898, upon the verdict of a jury, and also from an order entered in
said clerk's office as of the 19th day of April, 1898, denying the
defendant's motion for a new trial made upon the minutes.

*James H. Stevens*, for the appellant.

*F. A. Robbins*, for the respondent.

SPRING, J.:

The plaintiff is a corporation dealing in coal, with its principal place of business in Buffalo. In 1896, and prior thereto, the husband of the defendant was a retail coal dealer in Hornellsville, in this State. This action is brought to recover for several carloads of coal, which the plaintiff claims were sold directly to the defendant. It seems that the plaintiff had sold a small quantity of coal to the husband of defendant, and in the early winter of 1895–1896, Mr. Meagley, the agent of plaintiff, went to Hornellsville with a view of making sales. He testified that he had learned that Mr. Hicks was irresponsible, but that his wife was of good commercial credit. He further testified that he saw the defendant, and stated to her that the plaintiff had ascertained that Mr. Hicks was irresponsible and did not desire to continue its trade with him; that he understood she was the owner of property, and his company would sell to her whatever quantity she wanted. She then said she owned real estate in Hornellsville to the amount of $20,000, and that she had paid for coal purchased by Mr. Hicks. She said she would pay for the coal. She asked that it be charged to her husband because he made the collections, and she did not wish him to know she was to be the paymaster. In pursuance of this arrangement the coal was shipped to Mr. Hicks. The defendant denies that she ever had any conversation whatever with Meagley, and she is corroborated in this by her husband. This was the narrow issue in the case, and the jury have determined it in favor of the plaintiff.

The contention of the defendant is that the verdict is unsupported by the evidence. While a verdict in favor of the defendant would be well sustained, we cannot say there is any overwhelming preponderance of evidence requiring us to set aside the verdict. The case was carefully tried and the motion for a new trial well considered, and the trial judge who saw the witnesses is vested with reasonable discretion in motions of this character. An appellate court does not grant new trials because, perhaps, it would have arrived at a different conclusion from that reached by the jury.

As was said by HARDIN, P. J., in *Duffus* v. *Schwinger* (92 Hun, 70 ; affd., 157 N. Y. 685): " In *Morss* v. *Sherrill* (63 Barb. 21) it was said that to justify an appellate tribunal in setting aside a verdict ' it must be entirely against the weight of evidence.' And in that case it was further said that a new trial would not be granted on the ground that the verdict is against the weight of evidence, where the testimony is contradictory, and the character and credit of the witnesses are questioned. In the case in hand we find that there is a severe conflict, and we are of the opinion that the trial judge, very cautiously and carefully upon all the critical questions, pointed out to the jury the bearing of the evidence, and invoked their attention to it in such a way as to challenge a fair conclusion thereupon. The jury saw the witnesses, heard them testify, observed their manner of testifying and were called upon to determine what credit should be given to the respective witnesses in the light of all that transpired at the trial. According to well-established rules in dealing with the verdict we think the conclusion pronounced by the jury should be allowed to remain."

And as was said by Judge PRYOR in *Hospital Supply Co.* v. *O'Neill* (10 Misc. Rep. 655 ; affd., 155 N. Y. 634): " We have no authority to substitute our judgment for the judgment of the jury and to say that proof persuasive with us should have been convincing to them."

There were facts proven in this case which tended to confirm the position of Meagley. The fact is uncontroverted that Mr. Hicks was insolvent, and the jury might well believe that the agent of the plaintiffs who was on the ground and knew of the situation of affairs would not dispose of a large quantity of coal upon the credit of this impecunious dealer. On July 24, 1896, after the crash came, defendant gave a check for a small sum to the plaintiff, inserting therein that it was " to apply on account." And if Meagley is to be credited, when the statement of account was presented to her in her name, she affirmed its correctness. The defendant was the creditor of her husband. She had loaned him money and was contingently liable as his indorser. Her own prospect of payment hinged upon the successful continuance of the coal business. She was not, therefore, a stranger, nor was her interest the sentimental one based wholly upon the marital relation. She had a pecuniary interest in

the success of his business, and the jury may have concluded that she was thus induced to intervene and become the purchaser of the coal.

On the contrary, the goods in form were charged to Mr. Hicks and a bill made out against him. The plaintiff accepted the note of the husband toward this account, and upon his failure, pursued him to enforce the demand and obtained a statement preliminary to a confession of judgment against him.

Plausible explanations are given of some of these facts. The credit to Hicks and the taking of the note were the result of the arrangement with the defendant, and the confession of the judgment was at her instance. The only pertinence of the proof in respect to the subsequent attempt of the plaintiff to enforce the demand against Mr. Hicks is the bearing it has upon Meagley's story. These acts could properly be urged to the jury as inconsistent with the claim that the defendant was the original debtor, but they are not conclusive. (*Foster* v. *Persch*, 68 N. Y. 400.) The giving of the credit and the presentation of the bill to Mr. Hicks are cognate circumstances making for the contention of the defendant. They are, however, susceptible to explanation. (*Maddock* v. *Root*, 72 Hun, 98; affd., 150 N. Y. 561; *Jessup* v. *McGarry*, 28 N. Y. St. Repr. 85.)

There is no question of the Statute of Frauds in this case. The complaint sets out a cause of action for goods sold and delivered to the defendant, and she answers with a general denial. This was insufficient, for the defense urged is an affirmative one. (*Matthews* v. *Matthews*, 154 N. Y. 288; *Crane* v. *Powell*, 139 id. 379; *Honsinger* v. *Mulford*, 90 Hun, 589; affd., 157 N. Y. 674; *Dearing* v. *McKinnon Dash & H. Co.*, 33 App. Div. 31, 41.)

The verdict of the jury conclusively established the agreement as testified to by Meagley. That is, that the defendant purchased the coal and she alone was liable therefor. That the book credit to the husband was a mere makeshift at her request and for her benefit. This made an independent direct agreement. She did not agree to stand sponsor for her husband's debt. Neither side pretends there was any transaction of that kind. The narrow issue was — did she buy the coal? A collateral undertaking presupposes the existence of a principal debtor. The defendant's liability is the sole one or

none at all. The version given by Meagley was a fabrication, born of perjury, or else there was a sale to the defendant. There was no middle ground, and the adoption of his statement by the jury prevents any issue of the Statute of Frauds.

The judgment and order is affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.