SEAMANS v. BARENTSEN.

(Supreme Court, Appellate Division, Fourth Department.   December 18, 1902.)

1. STATUTE OF FRAUDS—CONTRACT—DEFENSE—DEMURRER—ANSWER.

Where, in an action to recover under an oral contract made in March
to deliver milk at a stipulated price for one year commencing on April
1st, all the facts showing the invalidity of the contract under the statute
of frauds appear on the face of the complaint, the defense cannot be
raised by answer, but must be raised by demurrer.

Appeal from trial term, Genesee county.

Action by Charles H. Seamans against Jacob Barentsen.   From a
judgment for plaintiff, and from an order denying a new trial, defend-
ant appeals.   Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and HISCOCK, JJ.

Charles F. A. Young, for appellant.
Safford E. North, for respondent.

HISCOCK, J.   The only question presented upon this appeal which
it is necessary to consider is whether, when it appears upon the face
of a complaint that the contract sued upon is void within the statute
of frauds, because resting in parol and not evidenced by a written
agreement, the objection thereto should be raised by demurrer rather
than by answer.   The learned trial justice ruled that it should be so
done, and in this ruling we think he was correct, and that therefore
the judgment and order appealed from should be affirmed.

This action was brought to recover damages claimed to have been
sustained under a contract entered into by plaintiff's wife and assignor
with the defendant for the supply to the latter of milk at a certain
price.   A short time after delivery of the milk under said contract was
commenced, the defendant refused to take any more.   There was
some controversy upon the trial as to the exact terms of the contract,
and such question, with the issues dependent thereupon, was submit-
ted to the jury in a manner which did not call for any criticism from
the defendant.   It fully appeared from the complaint that the contract,
whatever its exact terms might have been, was oral, and not written;
that it was made in March, and was not to take effect until April
1st following, and was to continue from that date for one year.   It
therefore clearly appeared that it came within the prohibition of the
statute of frauds.   The defendant attempted to raise this question
by his answer, and the trial justice, as above stated, held that he could
not do so, but should have presented his defense by demurrer.   We
regard it as settled now by more recent cases, which have affirmed
and adopted the rule suggested in the case of Crane v. Powell, infra,
that the defect in a contract sued upon, that it rests in parol simply
instead of being evidenced by a written agreement, must be raised
either by demurrer or answer, or else it is waived, and that, where this
fault fully appears upon the face of the complaint, the objection must
be raised by demurrer and not by answer.   Matthews v. Matthews,
154 N. Y. 288, 48 N. E. 531; Crane v. Powell, 139 N. Y. 379, 34

N. E. 911; Honsinger v. Mulford, 90 Hun, 589, 35 N. Y. Supp. 986; Parmele Co. v. Haas, 171 N. Y. 579, 583, 64 N. E. 440. As already stated, the complaint disclosed fully the facts constituting a defense under the statute in this case. It was not possible in the answer to set up any new material matter upon that subject. The most that the pleader could do was to, as he in substance did, recapitulate and repeat the facts which had already been alleged in the complaint, and then aver that "said pretended agreement is void by the provisions of the statute commonly known as the 'Statute of Frauds.'" This latter allegation was of course merely of a conclusion of law. The issue presented upon the allegations of the complaint in this respect was one of law, and properly to be raised by demurrer and not by answer. The judgment and order should be affirmed with costs.

Judgment and order affirmed with costs. All concur.