WILLIAM R. HARMON, Respondent, *v.* ALFRED PEATS COMPANY, Appellant.

First Department, February 26, 1926.

Pleadings — action for work, labor and services — bill of particulars by plaintiff shows contract was oral — motion by defendant under Civil Practice Act, § 476, for judgment on pleadings on ground that contract was unenforcible under Statute of Frauds — question could be raised on motion — Civil Practice Act, § 242, does not limit defendant's right to move under Civil Practice Act, § 476 — contract alleged was made in Illinois and law of that State was not pleaded — contract must be tested by common law — English Statute of Frauds in effect in 1677 is applicable — contract was not enforcible under said statute — Statute of Limitations (Civ. Prac. Act, § 13) is applicable.

The defendant in an action to recover for work, labor and services may move, under section 476 of the Civil Practice Act, for judgment on the pleadings on the ground that the contract cannot be enforced under the Statute of Frauds

and that it is barred by the Statute of Limitations, since it appears that while the complaint does not allege facts showing that the contract was oral and, therefore, within the Statute of Frauds, a bill of particulars furnished by the plaintiff, which must be read with the complaint on the motion, states that the contract was oral.

The defendant is not prevented by section 242 of the Civil Practice Act from moving under section 476 thereof for judgment on the pleadings.

Since the contract sued on was made in Illinois and the law of that State was not pleaded, the contract must be tested by the common law of the State of New York and not by the Statute of Frauds of the State of Illinois, and, therefore, the contract was subject to construction under the English Statute of Frauds in effect in 1677, which is a part of the common law of the State of New York, and under that statute the action cannot be maintained.

The New York Statute of Limitations (Civ. Prac. Act, § 13) is applicable to the present case, and since it appears that the contract, if it was not within the Statute of Frauds, was to have been performed sometime prior to July, 1917, and this action was not commenced until 1924, it was barred by the six-year Statute of Limitations.

APPEAL by the defendant, Alfred Peats Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of May, 1925, as resettled by an order made on the 1st day of July, 1925, denying defendant's motion for judgment on the pleadings made under section 476 of the Civil Practice Act.

*Latson & Tamblyn* [*Almet Reed Latson* of counsel], for the appellant.

*Moos & Gonnet* [*Claude L. Gonnet* of counsel], for the respondent.

BURR, J. The action is for work, labor and services. The complaint alleges that " during the years 1916 and 1923, plaintiff at defendant's request performed certain work, labor and services at the agreed price and of the reasonable value of Seventy thousand ($70,000) dollars, which the defendant promised and agreed to pay," and that " no part of said sum has been paid except the sum of Fifty-six thousand five hundred ($56,500) dollars, although duly demanded." The answer interposed by the defendant is a general denial.

Thereafter defendant demanded a bill of particulars, and plaintiff for his bill of particulars alleges:

" 1. The request was made at Chicago, Ill., at the office of Henry Bosch Co. in the summer of 1916; the request was oral and was made by Charles Bosch as the defendant's agent.

" 2. Plaintiff performed services for the defendant in the following capacities: Sales Manager, Advertising Manager, Buyer, Charge of Employment and Promotion Departments. Said services were performed principally at Chicago, Ill., where the defendant had

a place for the transaction of business; said services were rendered during the period commencing in July, 1916 and ending July, 1923.

" 3. The agreement to pay the sum of $70,000 was made at Chicago, Ill., at the office of Henry Bosch Co. in the summer of 1916; said agreement was oral and was made by Charles Bosch as defendant's agent."

Defendant then moved on the complaint, answer, demand for bill of particulars and bill of particulars, for an order granting judgment for the defendant and dismissing the complaint under section 476 of the Civil Practice Act. The motion was denied at Special Term, and from the order denying such motion this appeal is taken.

The defendant based its motion for judgment upon the ground that the contract set forth in the complaint, as amplified by the bill of particulars, was unenforcible because it violated the provisions of the Statute of Frauds (Pers. Prop. Law, § 31, subd. 1), in that said agreement was, by its terms, not to be performed within one year from the making thereof and was not in writing, nor was any note or memorandum thereof ever made in writing and subscribed by the defendant or by his lawful agent; and, *secondly,* that if said contract was, by its terms, to be performed within one year, and, therefore, not within the provisions of the Statute of Frauds, then the action was barred by the Statute of Limitations since the cause of action thereon must have accrued in the summer of 1917 and more than six years had elapsed from that date to the time when the present action was brought, to wit, in the spring of 1924.

Plaintiff, respondent, contends that as neither the Statute of Frauds nor the Statute of Limitations is pleaded in defendant's answer, which consists merely of a general denial, they present no grounds for dismissing the complaint.

In *Crane* v. *Powell* (139 N. Y. 379) the Court of Appeals held (headnote): " The provision of the Statute of Frauds (2 R. S. 135, § 2)* declaring contracts void, which by their terms are not to be performed within one year, unless in writing, does not prohibit the making of an oral agreement; it simply creates a new defense and introduces a new rule of evidence, *i. e.,* it requires that the agreement shall be proved by a writing. If the defendant, in an action for breach of a contract within the statute, desires to avail himself of the benefit of the statute, he must plead it."

In that case (at p. 388) O'BRIEN, J., said: " In the solution of this question the provisions of the Code should not be overlooked. The statute may be used as a defense to actions on

---

* Amd. by Laws of 1863, chap. 464; now Pers. Prop. Law, § 31, subd. 1.— [REP.

certain agreements. A defense must now be presented, either by demurrer or answer. (Code, § 487.)

" When the defect in the plaintiff's cause of action appears on the face of the complaint, the defense must be interposed by demurrer. (§ 488.) When the complaint does not, as in this case, disclose an invalid agreement upon its face, but it is, in fact, invalid for some reason, the defendant must take the objection by answer (§ 498), and if the objection is not taken in either way, the defendant is deemed to have waived it. (§ 499.) "

In *Matthews* v. *Matthews* (154 N. Y. 288) the Court of Appeals, by ANDREWS, Ch. J., said: " Subsequently to the decision of the former appeal in this case (133 N. Y. 681), the case of *Crane* v. *Powell* (139 N. Y. 379) came before the court, in which the controverted question was whether, in an action on an oral contract, within the Statute of Frauds, where the complaint did not disclose the nature of the contract, whether oral or written, it was necessary for the defendant to plead the statute in order to avail himself of the objection. The question was distinctly decided in that case, and it was held that the statute was a defense, and unless pleaded was not available to the defendant to defeat the action. The case must be regarded as settling the law of this State upon a question upon which courts of different jurisdictions have differed in opinion. This court regarded the rule adopted in *Crane* v. *Powell* as sound in principle and as supported by the rule applied in analogous cases.

" It is plain, upon the view that the Statute of Frauds does not make an oral contract within its terms illegal, but only voidable at the election of the party sought to be charged, that such election must be manifested in some affirmative way."

In *Seamans* v. *Barentsen* (78 App. Div. 36) HISCOCK, J., said: " The only question presented upon this appeal which it is necessary to consider is whether, when it appears upon the face of a complaint that the contract sued upon is void within the Statute of Frauds because resting in parol and not evidenced by a written agreement, the objection thereto should be raised by demurrer rather than by answer. The learned trial justice ruled that it should be so done, and in this ruling we think he was correct, and that, therefore, the judgment and order appealed from should be affirmed. * * *

" We regard it as settled now by more recent cases which have affirmed and adopted the rule suggested in the case of *Crane* v. *Powell* (*infra*) that the defect in a contract sued upon that it rests in parol simply instead of being evidenced by a written agreement must be raised either by demurrer or answer or else it is waived, and that where this fault fully appears upon the face of the complaint

the objection must be raised by demurrer and not by answer. (*Matthews* v. *Matthews*, 154 N. Y. 288; *Crane* v. *Powell*, 139 id. 379; *Honsinger* v. *Mulford*, 90 Hun, 589; *C. R. Parmele Co.* v. *Haas*, 171 N. Y. 579, 583.) "

When that case reached the Court of Appeals (*Seamans* v. *Barentsen*, 180 N. Y. 333), Chief Judge CULLEN, writing for the court, said: " The judgment below cannot be sustained. The contract on which the plaintiff has recovered was unquestionably void under the Statute of Frauds. Its invalidity not only appeared on the face of the complaint, but was expressly pleaded in the defendant's answer. The motion for judgment on the pleadings and the objection to the admission of the plaintiff's testimony sufficiently raised the question of the invalidity of the contract. The learned Appellate Division seems to have affirmed the judgment of the Trial Term on the ground that as the invalidity of the contract appeared on the face of the complaint the defendant's objection to it could be taken by demurrer only, and was waived by the answer. This position is untenable.

" Section 488 of the Code of Civil Procedure specifies eight different causes of demurrer. It is entirely clear that the objection to the complaint in this action falls within the eighth clause, to wit: ' That the complaint does not state facts sufficient to constitute a cause of action.' This the learned counsel for the respondent conceded on the argument. By section 498 of the Code, when any grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer. By section 499 an objection taken neither by demurrer nor answer is deemed to have been waived, except the objection that the complaint does not state facts sufficient to constitute a cause of action. The objection taken by the appellant at the opening of the trial was, therefore, taken in due time, and his motion for judgment on the pleadings should have been granted, for by pleading the Statute of Frauds in his answer his condition could not be worse than if he had not set it up at all.

" The learned court below justified its disposition of the case by our decision in *Crane* v. *Powell* (139 N. Y. 379). There it was held that a complaint not showing whether the contract declared on was oral or written, the Statute of Frauds to be available to defendant must be pleaded. That decision does not touch the point presented by this appeal. There is, however, to be found in the opinion this sentence: ' When the defect in the plaintiff's cause of action appears on the face of the complaint, the defense must be interposed by demurrer.' ' Must ' in the opinion should be ' may.' Whether the text as it appears in the reports is a

typographical error, a mistake of the copyist or a slip of the learned judge writing the opinion, is immaterial. If the last be the fact, it was merely obiter, for the point was not in any way involved in the case, and we could not decide away the express provision of the Code.

" The judgment appealed from should be reversed and a new trial granted, with costs to abide the event."

In *Fanger* v. *Caspary* (87 App. Div. 417, 419) HATCH, J., said: " This question is no longer an open one, to be argued upon principle, as it has become conclusively settled by authority. The result of the adjudicated cases seems to be that where a contract is sued upon, which, by the averments of the complaint, may fall within the provisions of the Statute of Frauds, the defense of the statute must be pleaded in order to be available to defeat a recovery upon the contract, even though it fall within the statute. If the defect appear upon the face of the complaint, the statute may be availed of either by answer or demurrer. (*Crane* v. *Powell*, 139 N. Y. 379; *Matthews* v. *Matthews*, 154 id. 288.) Where the complaint avers a contract which may fall within the Statute of Frauds, and the contract as proven does come within its terms, an objection to the proof is not available to defeat a recovery thereon in the absence of an affirmative plea. (*Honsinger* v. *Mulford*, 90 Hun, 589; affd., on appeal, 157 N. Y. 674.) "

In *Magee* v. *Fish* (175 App. Div. 125) LAUGHLIN, J., said (p. 128): " The case is analogous to an action on a contract shown by the allegations of the complaint to be void under the Statute of Frauds, and in such case it is well settled that it is not necessary to plead the Statute of Frauds and that the question may be raised by demurrer. (*Seamans* v. *Barentsen*, 180 N. Y. 333; *Fanger* v. *Caspary*, 87 App. Div. 417.) "

In *Dineen* v. *May* (149 App. Div. 469), which was an appeal from an order granting defendants' motion for judgment on the pleadings, and also from a judgment entered pursuant to said order, this court said through MILLER, J. (p. 471): " A point, which apparently was not suggested at the Special Term, is now made by the plaintiff, namely, that the bill of particulars cannot be considered on a motion for judgment on the pleadings. We have already said that one of the purposes of section 547 of the Code of Civil Procedure was to obviate the necessity of waiting until the trial to make the motion. (*Clark* v. *Levy*, 130 App. Div. 389.) The purpose of the statute was to save expense and delay. It would be absurd to hold that on a motion for judgment on the pleadings before trial the plaintiff's bill of particulars could not be considered, although, if the parties are required to prepare for

trial, the case will be dismissed at the opening. We think that on such a motion as this the court may consider whatever might properly be considered on a motion for judgment at the opening of the trial.

" The judgment and order should be affirmed, with costs."

" The motion [for judgment] having been made upon the pleadings, the plaintiff's bill of particulars forms a part thereof and the facts therein stated must be deemed to be true." (*Maxherman Co., Inc.*, v. *Alper*, 210 App. Div. 389, 391, MERRELL, J.)

" The plaintiff's bill of particulars and the contract are included in the moving papers as admissions under section 476 of the Civil Practice Act." (McAvoy, J., in *Herx & Eddy, Inc.*, v. *Carlson*, 210 App. Div. 417.)

It is, therefore, clear that where the invalidity or illegality of the contract sued on appears upon the face of the complaint, the defense of the Statute of Frauds may be raised by demurrer, or under the Civil Practice Act, by motion for judgment on the pleadings; and it is also clear that on such motion the complaint and the bill of particulars are read together; that is, the complaint is amplified or explained by the bill of particulars and the two taken together are deemed to constitute one pleading.

It thus for the first time appearing from the complaint in this action as amplified by the bill of particulars that the defect in the contract sued upon is that it rests in parol simply instead of being evidenced by a written agreement, and pleading by demurrer having been abolished by section 277 of the Civil Practice Act, the defendant properly raised the objection by moving for judgment under section 476 of the Civil Practice Act. Section 242 of the Civil Practice Act, cited by respondent, does not limit or impair the right of a defendant to move under section 476 of the Civil Practice Act for judgment on the pleadings, or to move for judgment where the complaint on its face fails to allege facts sufficient to constitute a cause of action. Defendant answered by denying any contract oral or written, and then demanded a bill of particulars which disclosed that plaintiff relies upon an oral contract barred by the Statute of Frauds. The Civil Practice Act (§ 476) provides the remedy, namely, to move for judgment on the pleadings and the admission of the plaintiff. This motion may be made " at any stage of an action or appeal, if warranted by the pleadings or the admissions of a party or parties." (Civ. Prac. Act, § 476.)

The contract sued on is alleged to have been made in Illinois. The complaint as amplified by the bill of particulars does not allege the law of Illinois. It has been settled by a long line of decisions in this State that our courts cannot take judicial notice

of the laws of a foreign State, and that where a party seeks to recover or defend under a law of a sister State, that law must be pleaded and proved like any other fact. In *Electro-Tint Engraving Co.* v. *American Handkerchief Co.* (130 App. Div. 561) Mr. Justice CLARKE, now presiding justice, said (p. 567 *et seq.*): " But the defendant claims that it appearing upon the papers that this was a Pennsylvania contract, because the contract is admitted to have been made at Philadelphia and the goods were to be delivered f. o. b. at Philadelphia, so that both the place of the making of the contract and of the execution thereof was in said State, that the law of Pennsylvania is to be applied; and it claims that under the law of that State the defendant could, at its option, either reject the goods on delivery or accept and use them, and in case of acceptance and use would only be liable for their actual value, not for the contract price. But the law of Pennsylvania is not set up or alluded to in the answer. It has been generally understood that where a party either seeks to recover or defend under a foreign law, such law must be pleaded and proved like any other fact, since the court cannot take judicial notice of the laws of a foreign State.

" In *Hanley* v. *Donoghue* (116 U. S. 1) Mr. Justice GRAY said: ' No court is to be charged with the knowledge of foreign laws; but they are well understood to be facts which must, like other facts, be proved before they can be received in a court of justice. *Talbot* v. *Seeman*, 1 Cranch, 1, 38; *Church* v. *Hubbart*, 2 Cranch, 187, 236; *Strother* v. *Lucas*, 6 Pet. 763, 768; *Dainese* v. *Hale*, 91 U. S. 13, 20. It is equally well settled that the several States of the Union are to be considered as in this respect foreign to each other, and that the courts of one State are not presumed to know and, therefore, not bound to take judicial notice of the laws of another State.' "

" As early as *Monroe* v. *Douglass* (5 N. Y. 447) the Court of Appeals said: ' It is a well-settled rule, founded on reason and authority, that the *lex fori*, or, in other words, the laws of the country to whose courts a party appeals for redress, furnish in all cases *prima facie* the rule of decision; and if either party wishes the benefit of a different rule or law as, for instance, the *lex domicilli*, *lex loci contractus*, or *lex loci rei sitæ*, he must aver and prove it. The courts of a country are presumed to be acquainted only with their own laws; those of other countries are to be averred and proved, like other facts of which courts do not take judicial notice; and the mode of proving them, whether they be written or unwritten, has been long established.'

" Of the rule so laid down, this court in *Latham* v. *de Loiselle*

(3 App. Div. 525) said: ' Two propositions are included in this rule proclaimed in the case cited, viz., that when the suitor is properly in court upon his contract, a remedy will be afforded according to the law of the State of New York, and the contract stipulations enforced unless a different law governing that contract is made to appear, and that to make it appear it must be set up by the party claiming advantage under it.'

" In *Fidelity & Casualty Co.* v. *Wells* (49 App. Div. 171) this court said: ' If, as is claimed by the defendant, the law of Pennsylvania differs in that regard from ours, no presumption to that effect exists, but that law must be alleged as a fact, and until it is so alleged and proven, we must assume that this contract wherever made is to be construed under the rules of the common law as applied in the State of New York. (*Monroe* v. *Douglass*, 5 N. Y. 447.)'

" In *Stuart* v. *New York Herald Co.* (73 App. Div. 459) this court, in reversing a judgment in favor of the plaintiff in an action for libel, said: ' There was error committed by the court in allowing, over the objection of the defendant, proof of a New Jersey statute making adultery a crime. That statute was not pleaded. Adultery is not a crime at common law, nor in the State of New York.* Being a crime in the State of New Jersey, that should have been pleaded.'

" In *Union National Bank* v. *Chapman* (169 N. Y. 538) the rules were formulated as to the law applicable to the interpretation and the enforcement of contracts, and the defendant was held not liable because by the law of the State of Alabama, where she made her contract, she had no capacity to make the contract in question. In that case, as will be seen on the appeal upon the first trial, reported in 7 Appellate Division, 452, the defendant set up three affirmative defenses, pleading the foreign law. It is apparent, therefore, that in the case at bar, even if the rule of law asserted obtains in Pennsylvania, it is not available in defense as it is not pleaded."

In *Union Nat. Bank* v. *Chapman* (169 N. Y. 538), relied upon by the learned justice at Special Term, the law of the foreign State in question (Alabama) was affirmatively pleaded.

It was also held by this court in *Ohl & Co.* v. *Standard Steel Sections, Inc.* (179 App. Div. 637) that in the absence of allegations and proof of the statutory law of a sister State, it must be assumed that the common law (which is deemed to be the same as is administered in our State) governs. Mr. Justice LAUGHLIN, writing the opinion in that case, stated as follows (p. 644): " We are not

---

* Since declared to be a misdemeanor. (See Penal Code, §§ 280-a, 280-b, as added by Laws of 1907, chap. 583; now Penal Law, §§ 100–103.)— [REP.

concerned with any question respecting the application or effect of any New Jersey statutory law upon this contract, for none was proved, and there is no presumption that the statutory law of a sister State is the same as that here, and in the absence of proof of the statutory law it must be assumed that the common law governs, which is deemed to be the same as is administered in our State. (See *Casola* v. *Kugelman,* 33 App. Div. 428; affd., *sub nom. Casola* v. *Vasquez,* 164 N. Y. 608.) But, as has been seen, the rule of common law and of our Personal Property Law so far as applicable here are the same."

The cause of action set forth in the complaint and bill of particulars is, therefore, to be tested by the common law of the State of New York.

When the colony of New York was settled by the English, the colonists brought with them to this country the common law of England as well as such statutory laws as were applicable to them in their new situation, and this common law and statutory law of the mother country became the common law of the Colony.

" It is an actual presumption, and therefore is adopted as a rule of law, that on the settlement of a new territory by a colony from another country, especially where the colonists continue subject to the same government, they carry with them the general laws of the mother country which are applicable to the situation of the colonists in the new territory; which laws thus become the laws of the colony, until they are altered by common consent or by legislative enactment." (*Bogardus* v. *Trinity Church,* 4 Paige, 178.)

Article 35 of the State Constitution adopted in 1777 provided that such parts of the common law of England and of the statute law of England and Great Britain and of the acts of the Legislature of the Colony of New York, as together did form the law of said Colony on the 19th day of April, 1775, should be and continue as the law of this State, subject to alteration by the Legislature. (See Constitution of 1777, Jones & Varick, vol. 1, p. 12; Lincoln's Const. Hist. N. Y. vol. 1, p. 183.)

On April 15, 1786, the Legislature of the State of New York passed an act entitled " An Act for revising and digesting the Laws of this State " which reads in part, as follows:

" Whereas by the Constitution of this State it is declared, That such Parts of the Common Law of England, and of the Statute Law of England and Great-Britain, and of the Acts of the Legislature of the Colony of New-York, as together did form the Law of the said Colony, on the Nineteenth Day of April, in the year of our Lord One Thousand Seven Hundred and Seventy-five (except such

Parts thereof as are by the said Constitution abrogated) shall be and continue the Law of this State, subject to such Alterations and Provisions as the Legislature of this State shall, from Time to Time make, concerning the same. And whereas such of the said Statutes as have been generally supposed to extend to the late Colony, and to this State, are contained in a great Number of Volumes; and those Statutes, as well as the Acts of the Legislature of the late Colony, are conceived in a Stile and Language improper to appear in the Statute Books of this State: Therefore,

" I. Be it Enacted by the People of the State of New-York, represented in Senate and Assembly, and it is hereby Enacted by the Authority of the same, That Samuel Jones and Richard Varick, Esquires, shall be, and hereby are authorized and appointed to collect, and reduce into proper Form, under certain Heads or Titles of Bills, all the said Statutes, and lay the same Bills before the Legislature of this State, from Time to Time, as they shall prepare the same; and that they, the said Samuel Jones and Richard Varick, Esquires, also collect and reduce all the public Acts of the late Colony which yet remain in Force, into proper Form, under certain Heads or Titles of Bills, and lay the same Bills before the Legislature from Time to Time, as they shall prepare the same; that such of them as shall be approved of by the Legislature may be enacted into Laws of this State; to the Intent that when the same shall be completed, then, and from thenceforth, none of the Statutes of England, or of Great-Britain, shall operate, or be considered as Laws of this State." (1 Jones & Varick, 281, chap. 35. See, also, Reprint Laws of 1786, chap. 35.)

This compilation was made by the persons named in the legislative act and the Legislature adopted, among other things, on February 26, 1787 (2 Jones & Varick, 88, chap. 44), the provisions of the English Statute of Frauds. (See, also, Reprint Laws of 1787, chap. 44; 29 Car. II, chap. 3.) This compilation or re-enactment of the English Statute of Frauds into the statute law of this State was an express recognition and declaration by the Legislature that such statute had theretofore extended to the Colony of New York by virtue of the Constitution of 1777 and was a part of its common law.

The precise question was considered by Mr. Justice Bischoff in the case of *Cahill Iron Works* v. *Pemberton* (27 N. Y. Supp. 927; 30 Abb. N. C. 450) and he there stated: " The common law of the State of New York differed from the common law of England in that the Statute of Frauds, passed during the reign of King Charles II, formed a part of the former. The English colonists in this country, prior to the establishment of their independence,

are presumed to have carried with them the laws of the country to which they at the time owed their allegiance, except only so far as such laws were inapplicable to their condition and to the form of government subsequently established by them. The laws so transmitted constituted the common law of the colonies (*Bogardus* v. *Trinity Church,* 4 Paige, 178, 198, affirmed 15 Wend. 111; 1 Kent Comm. pp. 472, 473), and by constitutional adoption became the common law of this State (see Constitutions of the State of New York, April 20, 1777, art. 35; Nov. 10, 1821, art. 7, § 13; Nov. 3, 1846, art. 1, § 17.)"

There can be no doubt, therefore, that the common law of the State of New York includes the original English Statute of Frauds enacted in 1676 to take effect on June 24, 1677. (See 29 Car. II, chap. 3, § 4; N. Y. Const. 1894, art. 1, § 16.)

It follows that inasmuch as the original English Statute of Frauds is part of the common law of this State, this action cannot be maintained because even though governed by the law of Illinois that law is presumed to be the same as our common law, in the absence of any allegation to the contrary.

The case of *Compagnie Generale* v. *Herzig & Sons Co.* (89 Misc. 573), relied upon by the court at Special Term, is not applicable to the present case for it appears from an examination of the opinion in that case that the contract sued upon was a French contract and that the laws of France were pleaded. Under these circumstances, it is, of course, not open to question that the laws of France were applicable.

That the New York Statute of Limitations is applicable to the present case was expressly held by this court in a similar case (*Isenberg* v. *Rainier,* 145 App. Div. 256) involving a construction of section 390-a of the Code of Civil Procedure, now section 13 of the Civil Practice Act. This section provides:

" § 13. Limitation in action arising outside of the State. Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of the time limited by the laws of a State or country where the cause of action arose, for bringing an action upon such cause of action, except where the cause of action originally accrued in favor of a resident of this State."

In *Isenberg* v. *Rainier* (*supra*) the court said: " The effect of section 390-a of the Code of Civil Procedure is not to substitute the foreign Statute of Limitations for our own, but to impose it as an additional limitation. Thus an action, whether by a resident or non-resident, must be brought within the time limited by our general Statute of Limitations; * * *."

The contract set forth in the complaint in the instant case was made at Chicago, Ill., in July, 1916; if it was not within the Statute of Frauds, then of necessity it was to have been performed sometime prior to July, 1917, and the cause of action for failure of performance arose on that date. The statutory period of six years would have elapsed in July, 1923. (See Code Civ. Proc. §§ 380, 382; now Civ. Prac. Act, § 48.) The present action was not commenced until the spring of 1924, eight or nine months after the statute had run.

If the contract were to be performed within one year its enforcement is barred by the Statute of Limitations, and if it were not to be performed within one year then its enforcement is barred by the Statute of Frauds.

The defendant was entitled to the relief sought and the order appealed from should be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.