HADLOCK v. ERIC.

District Court, S. D. New York.
Feb. 28, 1938.

Krause, Hirsch & Levin, of New York City (George J. Hirsch, of New York City, of counsel), for plaintiff.

Kleeberg & Greenwald, of New York City (Jacob Greenwald, of New York City, of counsel), for defendant.

GODDARD, District Judge.

Motion for summary judgment under Rules 113 and 114 of the Rules of the Civil Practice of New York.

The plaintiff, Albert E. Hadlock, Jr., as Trustee in Bankruptcy of Seward W. Eric, commenced this suit by service of a summons and complaint on August 27, 1937, for the recovery of alleged fraudulent transfers of stock and notes of the Daphne Realty Corporation by the bankrupt to the defendant, his wife.

The complaint purports to set forth four causes of action relating to transfers which were made in October, 1930. The defendant's motion is to dismiss the first three causes of action on the ground that they are barred by the New York State Statute of Limitations. The defendant contends that as the complaint alleges the suit is instituted under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and under the Debtor and Creditor Law of the State of New York, Consol.Laws, c. 12, also a statute, that the suit is one to recover "upon a liability created by statute", and therefore is barred by section 48, subdivision 2 of the Civil Practice Act, which provides

"§ 48. Actions to be commenced within six years. The following actions must be commenced within six years after the cause of action has accrued. * * *

"2. An action to recover upon a liability created by statute, except a penalty or forfeiture."

Counsel for the plaintiff take the position that the Debtor and Creditor Law is merely a codification of the common law, and that an action to set aside or recover for a fraudulent transfer is not "an action to recover upon a liability created by statute."

The first two causes of action allege that in October, 1930, the defendant received from the bankrupt without fair consideration stock and notes of the Daphne Realty Corporation having a value of at least $41,-000, at which time the bankrupt was insolvent or rendered insolvent by said transfer. They follow generally the wording of section 273 of the Debtor and Creditor Law.

In my judgment section 273 of the Debtor and Creditor Law does not itself create new liabilities but was a codification of and the embodiment of existing presumptions established by a long line of decisions of the courts of the State of New York, those cases holding that a voluntary conveyance made while the one transferring was in debt or insolvent, was presumably fraudulent. Feist v. Druckerman, 2 Cir., 70 F.2d 333; Cole v. Tyler, 65 N.Y. 73; Smith v. Reid, 134 N.Y. 568, 31 N.E. 1082; Kerker v. Levy, 206 N.Y. 109, 99 N.E. 181; cf. Ga Nun v. Palmer, 216 N. Y. 603, 111 N.E. 223; Report of National Conference of Commissioners on Uniform State Laws, Annual Meetings, Vol. 27-28, August, 1918.

Therefore, it seems to me that neither the "First" nor "Second" cause of action is "an action to recover upon a liability created by statute", and that section 48, subdivision 2 of the Civil Practice Act does not apply. Whether the action is governed by the ten year provision of section 53 dealing with constructive fraud, or by section 48, subdivision 5, relating to actual fraud within a six year limitation, is immaterial for if it be the shorter period plaintiff may be able to establish that the discovery of the fraud did not occur until some years after 1930.

The allegations in the "Third" cause of action, though following the usual allegations under section 276 of the Debtor and Creditor Law, are based on a charge of actual fraud. The right to recovery for fraudulent conveyances is an old common

694

law right and exists independent of statute. The origin of section 276 of the Debtor and Creditor Law of the State of New York is to be found in the early English statutes prior to and including that of 13 Eliz. c. 5 (enacted in 1570); see also Glenn, Fraudulent Conveyances, section 61, 62, 69; 27 C.J. 414, and cases cited. These statutes, whether or not re-enacted in Colonial times, have been adopted as part of the common law of this state. Bogardus v. Trinity Church, 4 Paige 178, 198, affirmed 15 Wend. 111; Harmon v. Alfred Peats Co., 216 App.Div. 368, 214 N.Y.S. 353; cf. 1 Kent Comm. pp. 472, 473. The liability now sought to be imposed under this "Third" cause of action is not "one which could not have existed but for the statute." cf. Shepard Co. v. Zachary P. Taylor Publishing Co., 198 App.Div. 638, 190 N.Y.S. 837, affirmed 234 N.Y. 465, 138 N.E. 409.

Therefore, the "Third" cause of action is not within the scope of section 48, subdivision 2 of the Civil Practice Act.

Defendant's motion for summary judgment is denied.