## GONZALES v. TUTTMAN et al.

District Court, S. D. New York.

Jan. 30, 1945.

Moses M. Cohen, of New York City, for plaintiff.

Rigby, Leon & Weill, of New York City, for defendants.

GODDARD, District Judge.

Motion by the defendants Louis Tuttman and Leonard Tuttman for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the grounds that the plaintiff's alleged causes of action are barred by the statute of limitations of New York, § 13, Civil Practice Act, and by various sections of the Civil Code of Puerto Rico and the Code of Civil Procedure of Puerto Rico.

This action was commenced in this court by the filing of the complaint on May 19, 1944. The defendants Louis Tuttman and Leonard Tuttman have appeared by their attorney. The defendants Alice Tuttman and Ell Tee, Inc., a Puerto Rican corporation, have not been served in this action which was brought by the plaintiff in her own behalf and by written authority in behalf of some three hundred other employees similarly situated, and a similarly situated group of judgment creditors from whom no authority has yet been obtained.

Five causes of action are alleged. The first is based upon the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and alleges in effect that the plaintiffs were employed by the defendants in various cities in the territory of Puerto Rico in the production of goods for interstate commerce within the purview of the Fair Labor Standards Act [later referred to as the Act]; that the plaintiffs were paid less than the minimum wage and that the individual defendants appearing herein and the defendant corporation were jointly engaged, as a common venture, in the production, etc. of goods for interstate commerce and that plaintiffs are entitled to recover the unpaid minimum wages and liquidated damages as provided for under Section 16(b) of the Act as against these defendants as an "employer" within the definition of Section 3 of the Act.

The Second cause of action incorporates the allegations contained in the first cause of action and is further founded on two judgments rendered by the District Court of the United States for Puerto Rico, one entered against all defendants on May 28, 1943, entitled "Vives v. Ell Tee, Inc., Louis Tuttman, Leonard Tuttman and Alice Tuttman"; the other entitled "Vega v. Ell Tee, Inc., et al" was entered on December 23, 1942, against the corporation alone. The plaintiff in the suit at bar and those in whose behalf she sues with written authority, appeared in one or the other action. Both actions were based on the Act.

The Third cause of action incorporates the allegations contained in the First cause of action and further alleges that Ell Tee, Inc., was a dummy or shell for the individual defendants and that the failure of that corporation to pay the judgments referred in the Second cause of action was attributable to the deliberate fraud or scheme of the individual defendants to avoid their obligation, and therefore the plaintiff prays that the corporate entity be disregarded and that the individual defendants be held liable as the real "employer" of the plaintiff pursuant to Section 3(d) of the Act.

The Fourth cause of action seeks relief from the individual defendants pursuant to Section 35 [apparently inadvertently numbered 55 in the complaint] of the General Corporation Law of Puerto Rico which, in substance, provides that the officers, directors or stockholders of a corporation formed and operating in the territory of Puerto Rico who authorized the incurrence of a debt by the corporation in excess of the paid up value of its capital stock, shall be jointly and severally liable individually for the amount of such indebtedness, and that such liability shall be enforced by action brought by any creditor who establishes that judgment has been rendered for his claim and that the liquidated assets of the corporation have not been sufficient to pay the judgment; and further alleges that the individual defendants are the sole stockholders, directors and owners of Ell Tee, Inc.; that the said corporation was insolvent and failed to pay its lawful obligations and that the paid-up capital assets of the corporation were insufficient to pay the obligation.

The Fifth cause of action is alleged to be based upon Section 71 of the General Corporation Law of New York and alleged to be similar in scope to Section 35 of the General Corporation Law of Puerto Rico and providing similar relief.

The defendants in their second amended answer deny all of the substantial allegations in each of the causes of action as set forth in the complaint, and any liability under Section 35 of the General Corporation Law of Puerto Rico or Section 71 of the General Corporation Law of New York.

The second amended answer then sets forth five separate distinct and affirmative defenses. The First and Third affirmative defenses allege that the First and Third causes of action are barred by the Statute of Limitations of New York [Section 13, Civil Practice Act] and by Sections 1830-2 and 1867 of the Civil Code of Puerto Rico [Ed.1930] which allegedly provide that a cause of action "for the payment of mechanics, servants and laborers the amounts due for their services * * * shall prescribe in three years."

The Second affirmative defense states that the judgment of May 28, 1943, of the District Court of Puerto Rico set forth in the Second cause of action is void as against them as individuals as they neither appeared nor were served in the action and that the judgment, since its rendition, has been vacated as against these individual defendants by an order of the district court of Puerto Rico dated June 24, 1944, and further states that the judgment of December 23, 1942, is likewise ineffective as against them as individuals as they neither appeared nor were served and judgment was entered solely against the said corporation.

The Fourth and Fifth affirmative defenses set up the New York Statute of Limitations [Section 13, Civil Practice Act] and Section 1867(3) of the Civil Code of Puerto Rico, and Section 47 of the Puerto Rican Code of Civil Procedure, as well as incorporating the other sections of the Civil Code of Puerto Rico set forth in the First affirmative defense as a bar to the Fourth and Fifth causes of action. The plaintiffs in reply deny the substantial allegations of the second amended answer and specifically set forth allegations in answer to the affirmative defenses and state that the running of the Statute of Limitations as set forth in Section 1867 (3) of the Civil Code of Puerto Rico was tolled pursuant to Section 39 of the Code of Civil Procedure of Puerto Rico due to the absence of the individual defendants from the jurisdiction of Puerto Rico— hence this action is timely.

In reply to the Second affirmative defense plaintiff states that as the actions upon which the judgments referred to in the Second cause of action were instituted on April 1st and April 8, 1941, against all the defendants, this tolled the Statute of Limitations pursuant to Section 1873 of the Civil Code of Puerto Rico, and further alleges that the payment by the individual defendants of $500 to the Special Master as a part of his fee after the entry of judgment was an "act of acknowledgment of the debt by the debtor" which likewise tolled the statute. This part of the reply further states that insofar as the judgment of December 23, 1942 is concerned the individual defendants waived personal service by the appearance of their attorneys on several motions and that the order of June 24, 1944 vacating the judgment of May 28, 1943 as against these individual defendants is null and void since the plaintiffs had no knowledge or notice of such order.

In reply to the Third, Fourth and Fifth affirmative defenses it is alleged that Section 47 of the Code of Civil Procedure of Puerto Rico provides that the three year

period of limitation shall start running from the time of discovery of the facts upon which the liability was created by law and that these facts were only discovered after the entry of the judgments against the corporation on December 23, 1942, and May 28, 1943.

The reply contains a further allegation that Section 40(1) of the Code of Civil Procedure of Puerto Rico which tolls the Statute of Limitations during infancy, tolled the statute here as to many of the plaintiffs who were minors when the cause of action accrued.

The defendants now move for summary judgment on each and every cause of action.

■ This is an action primarily based on Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), and is to recover a civil liability. Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. There is no Statute of Limitations contained within the Act nor is there any federal statute of limitation applicable thereto. Therefore, this court must look to the appropriate state Statute of Limitations. Loggins v. Steel Const. Co., 5 Cir., 129 F.2d 118; see also Abram v. San Josquin Cotton Oil Co., D. C., 46 F.Supp. 969; compare Reliance Storage & Inspection Co. v. Hubbard, D. C., 50 F.Supp. 1012 with Klotz v. Ippolito, D.C., 40 F.Supp. 422.

■ Which state Statute of Limitations applies, namely, whether that of New York or that of Puerto Rico where the cause of action arose, is essentially a question involving conflict of laws. Huber v. Hilla von Reboy, Civil 23-170, decided August 29, 1944, unreported opinion of Judge Knox.

In deciding what law applies this court must follow the New York state principles of conflict of laws. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Weisser v. Mursam Shoe Corporation, 2 Cir., 127 F.2d 344, 145 A.L.R. 467.

New York law governing the question as to which Statute of Limitations applies is found in Section 13 of the New York Civil Practice Act, as amended in 1943 effective April 15th and reads as follows:

"§ 13. Limitation where cause of action arises outside of the state.

"Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon such cause of action, except that where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply. [Am.L.1943 ch. 516 in effect April 15]."

See also Duval v. Skouras, 181 Misc 651, 44 N.Y.S.2d 107, affirmed 267 App.Div. 811, 46 N.Y.S.2d 888.

It may well be that a plaintiff is a legal resident of another state and at the same time be a resident of New York insofar as the application of the Statute of Limitations is concerned. Huber v. Hilla von Reboy, supra, and cases cited therein.

■ The moving papers fail to disclose whether or not the plaintiff, at least for the purpose of applying the Statute of Limitations, is or is not a resident. If facts are shown at the trial to warrant holding the plaintiff a resident of New York then the applicable New York statute would be six years as an action created by statutes. Walsh v. 515 Madison Ave. Corporation, 181 Misc. 219, 42 N.Y.S.2d 262, affirmed 267 App.Div. 756, 45 N.Y.S.2d 927, appeal granted 267 App.Div. 819, 47 N.Y.S.2d 109; Corcoran et al. v. Nelson Towers Realty Corporation, Misc., 42 N.Y.S.2d 265.

Since this action accrued in August of 1940 the Statute of Limitations would not have run against it.

■ The burden of establishing that no material issue of fact is present on the motion for summary judgment rests on the moving party—in this case, the defendants. Ramsouer v. Midland Valley R. Co., D.C., 44 F.Supp. 523, reversed on other grounds, 8 Cir., 135 F.2d 101.

■ It is also true that on a motion for summary judgment every doubt should be resolved against the moving party. Toebelman v. Missouri-Kansas Pipe Line, 130 F.2d 1016; Weisser v. Mursam Shoe Corporation, supra.

■ The moving party has failed to sustain its burden and hence a material issue of fact being present, the court must deny the motion for summary judgment as to the First and Third causes of action. United States v. Curtis Aeroplane Co., D.

C., 50 F.Supp. 477, reargument adhered to, D.C., 52 F.Supp. 328.

■ The Fourth cause of action is based upon Section 35 of the General Corporation Law of Puerto Rico. Defendants' motion in respect to this cause of action is founded on the same grounds as those respecting the First and Third causes of action and hence is denied for reasons stated. In addition to the grounds already set forth the defendants alleged that Section 47 of the Puerto Rican Code of Civil Procedure bars an action against directors, etc. after three years. The statute provides in part that the action must be brought "within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created." The moving papers present an issue of fact as to just when the facts creating the liability were discovered and hence even assuming the Puerto Rican statute applies, which this court does not decide, there is an issue of fact which necessitates a denial of the motion as to this cause of action. See Hadlock v. Eric, D.C., 23 F.Supp. 692.

The Fifth cause of action is based upon what is alleged to be Section 71 of the General Corporation Law of New York. This section is alleged to provide for a cause of action against stockholders, directors, etc. of a corporation when the corporation incurred debt beyond the paid up value of its capital assets at the hands of the stockholders, directors, etc.

■ Section 71 of the General Corporation Law of New York relates to dissolution and is entitled "Action to dissolve a corporation." It does not appear to have any relevancy to the issues now raised. However, this reference to Section 71 of the General Corporation Law of New York is probably intended to mean Section 71 of the Stock Corporation Law of New York which is entitled "Liabilities of stockholders to laborers, servants or employees." Assuming that the Fifth cause of action was intended to be based on Section 71 of the Stock Corporation Law of New York, the defendants' motion for summary judgment on this cause of action must be granted, for this section of the Stock Corporation Law of New York is not appliable to foreign corporations, and Ell

Tee, Inc. is a Puerto Rican corporation. Armstrong v. Dyer, 1935, 268 N.Y. 671, 198 N.E. 551, affirming Armstrong v. Hobby, 243 App.Div. 764, 278 N.Y.S. 520; Bogardus v. Fitzpatrick, 139 Misc. 533, 247 N.Y.S. 692.

■ The only question remaining is the question of the motion directed against the Second cause of action which seeks recovery on the judgments rendered by the District Court of Puerto Rico. The judgment of May 28, 1943, purports to be entered against the individual defendants as well as the corporate defendant. The ex parte order of June 24, 1944, seems on its face to vacate the said judgment as against the individual defendants because they neither appeared nor were served. The plaintiff in her reply states that the individual defendants waived service on the judgment of December 23, 1942, by the appearance of their attorneys on certain motions and that since the plaintiff had no notice of the order of June 24, 1944, said order is null and void. It is well settled that the jurisdiction of any court exercising authority over a subject may be enquired into in every other court when the proceedings in the former are relied upon, and brought before the latter by a party claiming the benefit of such proceeding. Williamson et al. v. Berry, 49 U.S. 495, 8 How. 495, 12 L.Ed. 1170; Thompson v. Whitman, 85 U.S. 457, 18 Wall. 457, 21 L.Ed. 897; Kilbourn v. Thompson, 103 U.S. 168, 197, 198, 26 L.Ed. 377; Guarantee Trust & Safe-Deposit Co. v. Green Cove Springs & M. R. Co., 139 U.S. 137, 147, 11 S.Ct. 512, 35 L.Ed. 116; Simon v. Southern Railway Co., 236 U.S. 115, 35 S. Ct. 255, 59 L.Ed. 492; Adam v. Saenger, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649; Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.

■ In the absence of essential facts concerning jurisdiction over the persons against whom the said judgments purport to run, the motion for summary judgment as to the Second cause of action must accordingly be denied.

The defendants' motion for summary judgment on the Fifth cause of action is granted and as to all other causes of action the motion is denied.

Settle order on notice.