**EHRLICH v. MINDEL et al.**
**Civ. No. 10104.**

United States District Court
E. D. New York.

Sept. 23, 1949.

Sale & Sale, New York City, for plaintiff.

Ingram & Morrow, Brooklyn, N. Y. (Jacob Morrow, of counsel), for defendants Annie Mindel and Hilda Sirkis.

Max Schwartz, Brooklyn, N. Y., for defendants Gertrude Kirschenbaum and Bessie Brooks.

BYERS, District Judge.

These are identical motions by defendants to dismiss the action brought by a trustee in bankruptcy to set aside allegedly fraudulent transfers of the bankrupt's real estate to them, because the Statute of Limitations is said to be a complete defense.

The practice seems to be proper (Moore, p. 597) if the infirmity appears from the complaint, Federal Rules of Civil Procedure, rule 12(b) (6), 28 U.S.C.A., although the Statute of Limitations is comprehended in the list of affirmative defenses, Rule 8(c).

The complaint alleges the filing of a voluntary petition by the bankrupt father of the defendants on June 16, 1945, and the adjudication; also the plaintiff's election and qualification.

That the bankrupt transferred, while insolvent and considerably indebted, and without consideration, six parcels of real estate to the defendants who are his daughters, on October 22, 1936. That the properties are held by the grantees in secret trust for the bankrupt, and that they therefore belong to the trustee.

That the transfers were made to place the bankrupt's property beyond the reach of his creditors, and for the purpose of hindering and defrauding them. That the plaintiff has insufficient assets to pay creditors, and has unsuccessfully demanded that the defendants turn over the property to him, and that he has no adequate remedy at law. Appropriate relief is demanded.

The complaint was filed July 11, 1949, nearly thirteen years after the said transfers. It is stated in the defendants' brief that Answers have been filed containing material denials, and the affirmative defense of the Statute.

The plaintiff's cause is that recognized in Section 273 of the Debtor and Creditor Law of New York, Consol.Laws, c. 12, which characterizes a conveyance without fair consideration and which renders the grantor insolvent, fraudulent as to creditors.

It was held by Judge Goddard in Hadlock v. Eric, D.C., 23 F.Supp. 692, that a new statutory cause of action was not

thus created, and that the enactment but codified a long established common law cause.

The question for decision is whether the six-year Statute of Limitations applies, New York Civil Practice Act, Section 48, or the ten-year Statute, id. Section 53, which covers actions not "specifically prescribed in this article".

The plaintiff relies upon the former, in paragraph 5 of which it is said: "An action to procure a judgment on the ground of fraud. The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

■ The bankruptcy files of this court, of which notice can be taken, reveal the denial of this bankrupt's discharge because of his failure to keep books and records of these properties held under secret trust by his daughters for his benefit. The hearings upon objection to discharge revealed the facts upon which the plaintiff bases this action, and obviously they were discovered within six years prior to the filing of the complaint.

■ The defendants' argument is based upon two New York cases, Buttles v. Smith, 281 N.Y. 226, 22 N.E.2d 350, and Hearn 45 St. Corp. v. Jano, 283 N.Y. 139, 27 N.E.2d 814, 816, 128 A.L.R. 1285. In both of the Court of Appeal' opinions, language was used which could be interpreted to mean that only the ten-year Statute would apply to actions based upon Article 10 of the Debtor and Creditor Law of the State. The facts in connection with which those expressions were used are clearly to be distinguished from those thought to be present in this case. In the second, the Court held that the longer period was appropriate in a case in which the shorter one had been held to bar recovery. It was said that the allegation that the intent of the debtor to evade the creditor was not essential to the latter's cause, i. e., "the gravamen of the complaint is not thereby transformed into an action to recover judgment on the ground of actual fraud."

Perhaps that expression can be held to characterize this complaint, but I do not think so. The findings of the Referee in denying the discharge are consistent with actual fraud upon the part of both the bankrupt and these defendants in depriving his creditors of the means of satisfying their claims in whole or in part out of his property.

I should suppose that this fraud is more than incidental to a creditor's right to follow his debtor's property into the hands of a third party, and that if established, it would vitiate the very means employed to effectuate it, i. e., the transfer or transfers themselves.

The case involved a series of transactions, including fictitious judgments, a gratuitous chattel mortgage, and execution and foreclosure sales. It was in the light of such an elaborate scheme that the opinion was delivered to the effect that the action being in equity, the ten-year Statute applied. It is not thought to mean of necessity that, in such a bare-faced case as this seems to be, no actual fraud is present. Perhaps when this case comes to trial, the facts will prove to be other than they now seem to be, on the papers before the court. The case of Buttles v. Smith, supra, was quite remote in the factual sense, and Judge Rippey, who wrote the opinion, dissented in the later case.

The defendants also cite Banister v. Solomon et al., 2 Cir., 126 F.2d 740, in which a constructive trust was sought to be imposed upon property purchased by a bankrupt's wife with his money.

The ten-year Statute was held to indicate the period of limitation, which under the facts was held to have been tolled.

This plaintiff is not seeking to impress a constructive trust upon anything, but to set aside conveyances of property alleged to have been made in fraud of creditors.

The plaintiff cites First Presbyterian Church v. Rabbitt, 9 Cir., 118 F.2d 732, which deals with a California Statute seemingly like that of New York, in which it was held that the discovery of the facts upon which the action was brought started the running of the period of limitation, and that the action was timely.

Such is thought to be the rule which should govern the disposition of this motion, which will be denied.

Settle order.